IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-20982
_____

In Re: WAYNE SCOTT, Executive Director of the Texas Department of
Criminal Justice, and the members of the Texas Board of Criminal
Justice; ALLEN B POLUNSKY; CAROLE S YOUNG; JOHN R WARD; JOHN
DAVID FRANZ; NANCY PATTON; CAROL S VANCE; PATRICIA DAY; ALFRED C
MORAN; ALFRED M STRINGFELLOW

          Petitioners


                    ---------------------
                    Petition for Writ of Mandamus to the
                    United States District Court for the
                    Southern District of Texas, Houston
                    ---------------------

                    December 16, 1998
Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:

        The Director of the Texas Department of Criminal Justice and

members of the Texas Board of Criminal Justice (the "defendants")

petition this Court for a writ of mandamus compelling the

district court (1) to rule immediately on a pending motion to

terminate ongoing prospective relief and (2) to terminate extra-

constitutional aspects of a final judgment approved by the court

in December 1992. We decline to compel the district court to act

instanter but order it to act within 31 days of the evidentiary

hearing set for January 21, 1999.

        We have had occasion to consider mandamus relief in this

1

case before, and our August 1997 order sets out much of the pertinent procedural history.[1] In December 1980, the district court found conditions of confinement in the Texas prison system to violate the United States Constitution. Thereafter the parties entered into a consent decree and the district court issued a declaratory judgment and injunction governing issues not covered by the consent decree. The court appointed a special master to monitor implementation of the relief. Following various appeals and motions, the district court in December 1992 approved a final judgment vacating earlier orders and issued an opinion providing for "continuing permanent injunctive orders on eight substantive issues." On March 25, 1996, the defendants filed a motion to vacate the final judgment pursuant to Federal Rule of Civil Procedure 60(b)(5).[2] On April 26, 1996, President Clinton signed into law the Prison Litigation Reform Act (PLRA), now codified at 18 U.S.C. § 3626.

The PLRA provides for automatic termination of prospective relief in prison-condition cases:

---

[1]*See* Ruiz v. Scott, NO. 96-21118, 124 F.3d 191 (5th Cir. 1997) (table case).

[2]That Rule provides:
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding [because] the judgement has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.
Fed. R. Civ. P. 60(b)(5).

In any civil action with respect to prison conditions in which prospective relief is ordered, such relief shall be terminable upon the motion of any party or intervener--

(I) 2 years after the date the court granted or approved the prospective relief;

(ii) 1 year after the date the court has entered an order denying termination of prospective relief under this paragraph; or

(iii) in the case of an order issued on or before the date of enactment of the Prison Litigation Reform Act, 2 years after such date of enactment.

18 U.S.C. § 3626(b)(1)(A). The PLRA offers even more immediate relief in certain cases:

In any civil action with respect to prison conditions, a defendant or intervener shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. § 3626(b)(2). The termination clauses have these limits:

3

Prospective relief shall not terminate if the
court makes written findings based on the record that
prospective relief remains necessary to correct a
current and ongoing violation of the Federal right,
extends no further than necessary to correct the
violation of the Federal right, and that the
prospective relief is narrowly drawn and the least
intrusive means to correct the violation.

18 U.S.C. § 3626(b)(3).

On May 31, 1996, the district court ordered the parties to
engage in discovery before the court would schedule a hearing on
the defendants' March 25 motion. On September 6, 1996, the
defendants filed a Supplemental Motion To Vacate Final Judgment.
The motion moved to vacate the final judgment pursuant, in the
alternative to Rule 60(b), to 18 U.S.C. § 3626(b)(2), as amended
by the PLRA. On September 25, 1996, the district court entered an
order delaying action on the defendants' motions:

It is impossible for the Court to resolve
defendants' motions within the 30-day period specified
in 18 U.S.C. sec. 3626(e)(2)(A)(I), or the 180-day
period in subsection (A)(ii). The Court believes that
the status quo should be preserved pending the
resolution of defendants' motions, and finds that the
PLRA 'automatic stay' provisions violate the Separation
of Powers and due process of law . . . .

4

Accordingly, the Court will proceed to give due consideration to both of defendants' motions when the parties are ready for a hearing on them. In the meantime, the Final Judgment remains in full force and effect.

The defendants appealed to this Court from the district court's September 25 order. On February 3, 1997, the defendants filed a petition for writ of mandamus, which was consolidated with the appeal. We found that the district court's September 25 order was not appealable. We also declined to issue the writ of mandamus, which the defendants sought in order to compel the district court under 18 U.S.C. § 3626(b)(2) to grant the defendants' September 6, 1996 motion. We found that the district court had a right to an updated record with regard to the "eight substantive issues" that led the court to issue "continuing permanent injunctive orders" in December 1992. We stressed, however, "that ruling on defendants' September 6, 1996, motion should *not* entail a general overall examination of the prison system." Finding that updating the record "should not be overly burdensome or time consuming," we stated that our denial of the mandamus was "without prejudice to whatever rights defendants may have to seek such relief should the district court fail to rule promptly" on the September 6, 1996 motion to vacate. On October 31, 1997, the district court issued a new discovery order. On May 6, 1998, two years after the

enactment of the PLRA, the defendants filed a motion to terminate pursuant to 18 U.S.C. § 3626(b)(1). On June 19, 1998, the district court again held the PLRA's automatic-stay provision unconstitutional and declined to limit discovery under its October 31, 1997 order.

Sixteen months have passed since our ruling, and the district court has yet to rule on the defendants' motion of September 6, 1996. Defendants now bring the instant petition for a writ of mandamus to end the delay in this case.

We are mindful of the dictates of § 3626. The PLRA provides that the district court "shall promptly rule on" a motion to modify or terminate prospective relief. 18 U.S.C. § 3626(e)(1). Furthermore, "[m]andamus shall lie to remedy any failure to issue a prompt ruling" on a motion to terminate prospective relief. *Id.* We are dismayed by the amount of delay the district court has allowed for discovery related to the defendants' motion to vacate. We would be inclined to grant the writ of mandamus and order the district court to rule instanter, were we not aware that the district court has scheduled its evidentiary hearing in this matter just one month from now, on January 21, 1999. In recognition of the impending hearing, and in keeping with our earlier determination that the district court should have an updated record before ruling on the defendants' motion for termination, we will not order the district court to rule

6

instanter. Instead, we order the court to rule on the defendants' September 3, 1996 motion within a reasonable time after the scheduled evidentiary hearing *begins*. In no event, however, shall the district court fail to make its ruling by March 1, 1999. We realize that this may place a great burden on the district court in light of the potentially large record that may result from the January 21, 1999 hearing. But the PLRA's requirement is clear, and given the limitation on the record that we outlined in our October 1997 opinion, we are confident that the district court will be able to comply with this order.