_____**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name:  10a0590n.06

**Nos. 08-5216, 08-5296, 08-5390, 08-5510**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel, Bringing This Action on Behalf of The United States of America; DENNIS LEFAN, Bringing This Action on Behalf of The United States of America; JASON GIBSON, Bringing This Action on Behalf of The United States of America; HAROLD DILBACK; J. KEITH LAX; L. ELSWORTH CRANOR; JEFF ASHBY; CONNIE SUE ORTEN, )))))))))) | |
| Plaintiffs and Relators-Appellees Cross-Appellants, )))) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
| HELMER, MARTINS, RICE & POPHAM CO., L.P.A., )))) | **OPINION** |
| Appellant, )))) | |
| v. )) | |
| GENERAL ELECTRIC COMPANY; PRECISION CASTPARTS CORPORATION; ALCOA, INC., ))))) | |
| Defendants-Appellants Cross-Appellees. )))) | |

**Before:  RYAN, COOK and WHITE, Circuit Judges.**

**HELENE N. WHITE, Circuit Judge.**  Defendants General Electric Co., Precision Castparts

Corp., and Alcoa, Inc. (collectively "GE"), appeal from the decision of the district court awarding

Nos. 08-5216, 08-5296, 08-5390, and 08-5510
*United States, et al. v. General Electric, et al.*

attorneys' fees following the settlement of a False Claims Act (FCA) suit.  The law firm of Helmer,

Martins, Rice & Popham (HMRP) cross-appeals.[1]  We affirm in part and reverse in part.

**I**

GE had multiple contracts to manufacture jet engines for use in military aircraft.  In 2000,

a *qui tam* action was filed under seal by two relators[2] pursuant to the False Claims Act  (FCA), 31

U.S.C. § 3729 *et seq*.  The action alleged that flight-critical engine blades and vanes were improperly

manufactured, tested, and inspected at GE's Madisonville, Kentucky, plant, and that GE falsely

certified to the Government that the parts met contract specifications.  Relators initially hired the

Louisville-based firm of Priddy, Cutler, Miller and Meade (PCMM) to represent them.  Alton Priddy

(Priddy), a labor attorney, was lead counsel.

The Department of Justice obtained a partial unsealing of the case in 2001, at which point

GE received a copy of the action.  GE retained counsel and began preparing its defense.  In 2002,

Priddy determined that Relators' interests would be best served by associating co-counsel with FCA

expertise.  After a brief search, he contacted Frederick Morgan, Jr. (Morgan), a partner at Cincinnati-

based Helmer, Martins & Morgan (HMM), and the two firms undertook joint representation of

Relators.  In 2005, Morgan and Mary Jones (Jones), a paralegal working on the matter, moved to

another Ohio firm, Volkema Thomas (VT).  Subsequently, HMM became HMRP.  Morgan and

---

[1]Two other firms shared in the representation in the instant case.  Those firms entered into a settlement agreement with GE following oral argument and have been dismissed from the appeal.

[2]Several other individuals were later added to the action; we refer to the group collectively as "Relators."

Nos. 08-5216, 08-5296, 08-5390, and 08-5510
*United States, et al. v. General Electric, et al.*

Priddy remained primary counsel for Relators, with Morgan performing the majority of work in the case. In 2006, the Government formally intervened as co-plaintiff and a settlement was reached.

Under the settlement, GE admitted no wrongdoing but agreed to pay $11.5 million dollars, of which Relators received nearly $2.4 million. On July 20, 2006, the district court dismissed with prejudice "all . . . claims concerning the Covered Conduct . . . asserted in prior complaints herein on behalf of the United States under the *qui tam* provisions of the False Claims Act." Only the three individual retaliation claims as well as claims for attorneys' fees remained active before the court.[3]

The parties engaged in negotiations over the fees but were unable to reach an agreement. Ultimately, HMRP and PCMM/VT filed separate motions for attorney fees. After limited discovery, GE filed motions in opposition, contesting various methods used by the firms to calculate the appropriate fees. In particular, GE and the firms disagreed on whether prevailing Kentucky rates should apply to the attorneys of the Ohio-based firms, and whether the firms adequately documented their claimed hours and expenses.

The district court entered its order on the motions on January 15, 2008. The court ruled that the 2007 hourly billing rates charged by the Kentucky firm PCMM—$250 per hour for partners and $200 per hour for associates—would be used to calculate reasonable fees for work performed on the case. The order made four exceptions: 1) Morgan's billing rate was set at $400 per hour, "based on his expertise and national practice" in FCA cases; 2) Priddy's rate was set at $325 per hour; 3)

---

[3]Three Relators claimed that GE had retaliated against them for their whistleblowing activities. Those cases have also been settled.

3

Nos. 08-5216, 08-5296, 08-5390, and 08-5510
*United States, et al. v. General Electric, et al.*

HMRP partner James Helmer's rate was set at $325 per hour; and 4) Jones' rate was set at $200 per

hour.

The court accepted nearly all of the hours claimed by the firms, reducing fees by only 0.2

hours billed for the reservation of a conference room.  The court denied the firms' requests for fee

enhancements for "exceptional success," but allowed fees for fee-related litigation and almost all of

the firms' costs and expenses.

In total, the court awarded Relators nearly $2.2 million in fees and expenses for the work of

the three law firms.  GE filed a notice of appeal on February 14, 2008.  Relators filed a notice of

cross-appeal on March 3, and an amended notice on March 14.[4]

GE also moved to stay the enforcement of the fee award while it appealed the order to this

court, and for approval of a supersedeas bond in the amount of $2.4 million.  Relators opposed the

bond, claiming that it was insufficient to cover interest on the award, which they claimed should be

calculated from the time of the settlement in July 2006.  Relators asked for a bond of nearly $2.75

million.  In addition, Relators filed a motion for clarification seeking an order from the district court

that interest on attorneys' fees would be calculated from the July 2006 partial dismissal rather than

the actual order granting attorneys' fees.  On March 28, the district court granted GE's motion and

approved a bond in the amount of $2.4 million.  The court denied Relators' motion for clarification

---

[4]Subsequent to hearing oral argument, this panel requested that the parties return to mediation.  PCMM and VT resolved their differences with GE, and those two firms have been dismissed from the appeal and cross-appeals.

Nos. 08-5216, 08-5296, 08-5390, and 08-5510
*United States, et al. v. General Electric, et al.*

for lack of jurisdiction.  On April 15, 2008, Relators amended their appeal to include the district court's approval of the supersedeas bond.

**II**

HMRP asserts three cross-claims on appeal:  1) that the district court erred in awarding rates to many of its attorneys based on prevailing Kentucky rates, rather than prevailing rates for *qui tam* specialists; 2) that the district court improperly failed to award it attorneys' fees for all work performed; and 3) that the district court incorrectly calculated interest on the award when it set the amount of the supersedeas bond.

GE contests the timeliness of HMRP's two claims relating to the district court's calculation of attorneys' fees.  The district court entered its order awarding attorneys' fees on January 15, 2008. GE filed its appeal on February 14, 2008.  Relators filed a notice of cross appeal on March 3, 2008, and an amended notice containing HMRP's cross-claims on March 14, 2008.

Federal Rule of Appellate Procedure 4(a)(1)(A) requires a party to file a notice of appeal in a civil action "within 30 days after the judgment or order appealed from is entered."  However, "[w]hen the United States . . . is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."  Fed. R. App. P. 4(a)(1)(B).  HMRP's cross-appeal of the district court's January 15 order, therefore, is only timely if the longer, 60-day period applies.  In the instant case, the United States was unquestionably a party to the underlying FCA claim.  *See United States ex rel. Eisenstein v. City of New York*, 129 S. Ct. 2230, 2234 (2009) ("The United States, therefore, is a "party" to a privately filed FCA action . . . if it intervenes in accordance with the procedures established by federal law.").

5

Nos. 08-5216, 08-5296, 08-5390, and 08-5510
*United States, et al. v. General Electric, et al.*

While the United States was not involved in the attorneys' fee litigation, the litigation was spawned by Relators' prevailing in the underlying FCA claim. The award of attorneys' fees is mandated by the same section of the FCA as Relators' entitlement to a share of the proceeds. *See* 31 U.S.C. § 3730(d)(1). Thus the statute treats the award of attorneys fees as another phase of the same litigation. As the United States was a party to the underlying litigation, the 60-day limit prescribed in Rule 4(a)(1)(B) applies to all subsequent proceedings, not simply to those in which the United States actively participates.[5]

### III

The parties contest various aspects of the district court's determination of the attorneys' fee award. We review a district court's award of attorneys' fees for abuse of discretion. *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007). "The district court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Cherry Hill Vineyards, LLC v. Lilly*, 553 F.3d 423, 435 (6th Cir. 2008) (internal quotation marks omitted). In reviewing the award of attorneys' fees, "the primary concern is that the fee awarded be reasonable." *Gonter*, 510 F.3d at 616 (internal quotation marks omitted). A reasonable fee is "one that is adequately compensatory to attract competent counsel yet which avoids producing

---

[5]While it is true that, for the purpose of finality, an award of attorneys' fees is considered collateral to the underlying claim, *see e.g., Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200 (1988), this does not render the proceedings independent of the underlying claim. *Cf. Sprague v. Ticonic Nat. Bank*, 307 U.S. 161, 170 (1939) ("[W]e view the petition for [attorney's fees] as an independent proceeding supplemental to the original proceeding . . .").

Nos. 08-5216, 08-5296, 08-5390, and 08-5510
*United States, et al. v. General Electric, et al.*

a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)).

**A**

Both parties claim that the district court abused its discretion when it calculated the hourly rates awarded to Relators' Ohio-based counsel.  GE asserts that the district court erred in awarding rates exceeding prevailing Kentucky rates to HMRP attorney Morgan and paralegal Jones.  HMRP contends that all of its attorneys should have received their normal billing rates, not the lower rates found by the court.  We have held that in determining the appropriate fees for an "out-of-town specialist," a district court "must determine (1) whether hiring the out-of-town specialist was reasonable in the first instance, and (2) whether the rates sought by the out-of-town specialist are reasonable for an attorney of his or her degree of skill, experience, and reputation." *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir.1995).

The district court's order does not specifically mention *Hadix*, but does comport with its dictates.  The district court stated that Relators were required to "establish the necessity of retaining outside, non-local counsel" and discussed in detail the parties' arguments concerning the need to hire non-local *qui tam* specialists.[6]  The court also referred to Relators' argument concerning the "reputation and credentials of the attorneys and law firms involved in this matter."  In the section of the order announcing the court's rate determination, the court again referred to the parties' positions. It awarded Morgan a higher rate due to his "expertise and national practice in [FCA] cases," but set

---

[6]The district court noted that Relators had presented evidence regarding "the lack of experienced False Claims Act litigators within the Court's jurisdiction."

Nos. 08-5216, 08-5296, 08-5390, and 08-5510
*United States, et al. v. General Electric, et al.*

the general rate for HMRP attorneys at the rates charged by PCMM because the attorneys "chose to

practice within this Court's jurisdiction" of western Kentucky.  The court did not explain its decision

to award Jones a rate of $200 per hour, but referred generally to the parties submissions on rates,

which included documentation that Jones had worked on FCA and complex litigation matters for

nearly a decade and was HMRP's "most experienced paralegal."  It is clear that the court found

Jones' experience and expertise merited the higher rate.  Viewing the order as a whole, we conclude

that the district court considered the parties' detailed submissions and crafted what it felt was a

reasonably compensatory rate, giving due consideration to, although not specifically identifying, the

factors identified in *Hadix*.  Given the broad deference we accord to such decisions, we cannot say

that the district court abused its discretion in making this determination.

**B**

GE also challenges the district court's decision to award fees for the remaining attorneys

based on the 2007 hourly rates charged by PCMM.  We have held that "the district court has the

discretion to choose either current or historical rates so long as it explains how the decision comports

with the ultimate goals of awarding reasonable fees." *Gonter*, 510 F.3d at 617.  In the instant case,

the district court noted the parties' arguments and determined that the 2007 rates were necessary to

"compensate the law firms for their delay in receiving payment."  It then stated that this would

"produce hourly rates that are '*adequately compensatory to attract competent counsel yet which*

*avoid producing a windfall for attorneys*.'" (emphasis in original).  The court thus considered the

parties' positions, stated its reason for choosing an appropriate rate, and quoted the standard for a

Nos. 08-5216, 08-5296, 08-5390, and 08-5510
*United States, et al. v. General Electric, et al.*

reasonable fee award that we have long applied.  We conclude that this reasoning sufficiently

indicates how the district court's discretion was exercised, and affirm its finding.

C

GE's final claim is that the district court abused its discretion by failing to exclude from its

calculation of attorneys' fees "vague time entries."[7]  The "key requirement for an award of attorney

fees is that '[t]he documentation offered in support of the hours charged must be of sufficient detail

and probative value to enable the court to determine with a high degree of certainty that such hours

were actually and reasonably expended in the prosecution of the litigation.'"  *Imwalle v. Reliance

Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008) (quoting *United Slate, Local 307 v. G & M

Roofing & Sheet Metal Co.,* 732 F.2d 495, 502 n.2 (6th Cir.1984)).  However, entries may be

sufficient "even if the description for each entry [is] not explicitly detailed."  *McCombs v. Meijer,

Inc.*, 395 F.3d 346, 360 (6th Cir. 2005).  The Supreme Court has held that "counsel . . . is not

required to record in great detail how each minute of [] time was expended . . . [but] should identify

the general subject matter of [] time expenditures."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12

(1983).

GE contends that "hundreds" of entries submitted by Relators' counsel should have been

disregarded as too vague.  GE points to time entries marked, for example, "Email," "Telephone

Conference w/REL," and "Travel to Owensboro" as examples of such entries.  However, the district

court could determine from the billing statements submitted and the context of the trial timeline that

---

[7]The district court accepted nearly all of the claimed hours.  It did deduct .20 hours of
Priddy's time spent reserving a conference room.

Nos. 08-5216, 08-5296, 08-5390, and 08-5510
*United States, et al. v. General Electric, et al.*

these entries adequately described the work performed. *See Imwalle,* 515 F.3d at 554. Relators'

counsel submitted extensive lists of activities, accounting for time spent to the fraction of the hour.

Many of the descriptions, while brief, referred to frequent events. For example, "travel to

Owensboro," the Kentucky city in which Relators were located, is sufficiently detailed within the

context of the litigation for the court to determine that such time was expended on matters related

to the case. It was not an abuse of discretion for the court to accept such hours in the calculation of

HMRP's fees.

**D**

HMRP challenges the decision of the district court not to award it fees for work performed

on a related first-to-file challenge. The FCA provides that "[w]hen a person brings an action under

this subsection, no person other than the Government may intervene or bring a related action based

on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). This has been applied to create

a "first-to-file" bar, preventing successive FCA suits based on the same underlying facts. *See, e.g.,*

*United States ex rel. Poteet v. Medtronic Inc.*, 552 F.3d 503, 515-17 (6th Cir. 2009) (analyzing first-

to-file issues and collecting cases).

In the instant case, Relators, at the request of the district court,[8] litigated, and ultimately

prevailed in, a first-to-file dispute with a third-party relator. GE argued that the first-to-file issue

"had nothing to do with advancing the matter relating to GE" and should not factor into the fee

---

[8]The district court's order is not included in the record before this court. However, the parties do not dispute that the court requested the Relators settle the first-to-file issue before proceeding with the instant case.

Nos. 08-5216, 08-5296, 08-5390, and 08-5510
*United States, et al. v. General Electric, et al.*

award.  The district court accepted GE's argument and subtracted $10,967.75 from HMRP's total fee award, because it found that HMRP "does not appear to dispute [GE's] contention."  HMRP did, in fact, dispute GE's contention in both its Reply Memorandum and Second Reply Memorandum before the district court.  *See* R. 88 at 12 (under the heading "Our First-to-File Litigation Was Related To General Electric"); R. 135 at 12 n.27.

Nevertheless, our precedent precludes HMRP's recovery of litigation expenses related to the first-to-file issue because the action "did not directly involve the *qui tam* defendants." *United States ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1046 (6th Cir. 1994).  In *Taxpayers*, this court determined that the relators were not entitled to attorneys' fees for litigation against the Government regarding their share of a *qui tam* recovery.[9]  The court held that the defendant in that case, also General Electric Co., was not responsible for the fees because

> [a]lthough GE eagerly assisted in the government's efforts to reduce the relators' bounty, GE's role was comparatively peripheral.  It had no legal standing or right to participate in the proceedings.  Nothing in the record suggests that the government initiated its contest against the relators because of GE, and nothing suggests that GE prolonged the litigation process or could have hastened its conclusion.

*Id.*  This reasoning applies to the instant case.  GE had no participation in, or apparently knowledge of, the first-to-file dispute.  It neither initiated the contest nor had any control over its resolution.  As GE had no role or interest in the first-to-file proceedings, we affirm the district court's denial of HMRP's request for attorneys' fees for the time it spent litigating the first-to-file issue.

---

[9]We note that HMRP cites no legal authority before this court to support its contention that the first-to-file hours are compensable.

Nos. 08-5216, 08-5296, 08-5390, and 08-5510
*United States, et al. v. General Electric, et al.*

**E**

HMRP further claims that the district court abused its discretion by failing to appropriately compensate the firm for fees incurred litigating the attorneys' fee issue.  "'Time spent in preparing, presenting, and trying attorney fee applications is compensable' as part of the reasonable fee," but recovery is "limited."  *Gonter*, 510 F.3d at 620 (quoting *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986)) (emphasis omitted).  We have held that when a case is settled without a trial, "in the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case." *Coulter*, 805 F.2d at 151 (noting that a five-percent limit applies if the case goes to trial).

In the instant case, the district court stated its intention to "award the Relators attorneys' fees for fee-related litigation based upon the reasonable rates set forth . . . above."   The order did not specify an amount representing three percent of fees incurred in the main case.  Rather, the court stated "[t]he Court accepts that the Relators' attorney's fees for the fee-related litigation do not exceed the 3% hourly limit since the Defendants do not argue to the contrary."

Ultimately, the court awarded HMRP $1,000,091.50 in fees, based on the hours HMRP submitted in its initial fee application on February 9, 2007, which apparently included some hours spent in litigating the fee issue. The court did not include 176.4 additional hours claimed to have been spent on fee-related litigation, submitted to the court by HMRP on March 13, 2007, nor were the later-submitted hours mentioned in the court's order.  HMRP correctly asserts that those hours also should have been considered by the district court.

12

Nos. 08-5216, 08-5296, 08-5390, and 08-5510
*United States, et al. v. General Electric, et al.*

We therefore remand for the district court to make a calculation of the hours spent by HMRP on the underlying FCA claim alone.  The district court should then exercise its discretion to determine a reasonable fee-related litigation award based upon all of the hours submitted by HMRP, subject to the three-percent cap.[10]

**IV**

Finally, HMRP claims that the district court improperly calculated the interest owed on the attorneys' fee award in setting a supersedeas bond amount.  The decision to grant or deny a supersedeas bond is reviewed for abuse of discretion.  *Arban v. W. Pub. Corp*, 345 F.3d 390, 409 (6th Cir. 2003) (applying abuse of discretion standard where the district court granted a stay without requiring a supersedeas bond).

The underlying *qui tam* action was settled on July 21, 2006.  The parties continued to litigate the whistleblower actions.  Relators filed requests for attorneys' fees for HMRP on March 15, 2007.  The district court issued its order granting in part and denying in part the fee motions on January 15, 2008.  The order awarded Relators nearly $2.2 million in fees and expenses for the work of the three law firms.  GE moved to stay the enforcement of the fee award while it appealed the order to this court, and for approval of a supersedeas bond in the amount of $2.4 million.  Relators opposed the bond, claiming that it was insufficient to cover interest on the award, which they claimed should be calculated from the time of the settlement, in July 2006.  Relators sought a bond of nearly $2.75

---

[10]HMRP argues that on remand, the district court "should not be constrained by the 3% . . . guideline[] . . . because there are 'unusual circumstances.'"  However, HMRP did not make this argument before the district court and our review of the record finds no circumstances warranting deviation from the default rule.

Nos. 08-5216, 08-5296, 08-5390, and 08-5510
*United States, et al. v. General Electric, et al.*

million.  In addition, Relators filed a motion for clarification seeking an order from the district court that interest on attorneys' fees would be calculated from the July 2006 partial dismissal rather than the actual order granting attorneys' fees.

On March 28, 2008, the district court granted GE's motion and approved a bond in the amount of $2.4 million, stating that Relators became "entitled" to attorneys' fees on January 15, 2008, when the court entered its order quantifying the fees, and calculated interest on the award accordingly.  The court stated that the January 15 order "constitutes the one and only 'judgment' from which post-judgment interest can accrue. Accordingly, the Court accepts the Defendants' calculation of post-judgment interest for the purposes of the supersedeas bond and finds that the amount of the bond is sufficient."  Federal Rule of Civil Procedure 62(d) allows a party to stay the execution of a judgment pending appeal by providing a supersedeas bond.  The stay is effective upon approval of the bond by the court.  Fed. R. Civ. P. 62(d).  Commentators have noted that "[a]lthough the amount of the bond usually will be set in an amount that will permit satisfaction of the judgment in full, together with costs, interest, and damages for delay, the courts have inherent power . . . to provide for a bond in a lesser amount or to permit security other than the bond."  11 CHARLES WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2905, at 522 (4th ed. 2008).

In the instant case, the district court's approval of the supersedeas bond purported to include enough interest to satisfy the judgment in full.  To determine the date from which interest should be awarded, the court cited this court's holding in *Associated General Contractors of Ohio, Inc. v. Drabik* that post-judgment interest begins "to run on an [*sic*] fee award from the time of entry of the judgment which unconditionally entitles the prevailing party to reasonable attorney fees."  250 F.3d

14

Nos. 08-5216, 08-5296, 08-5390, and 08-5510
*United States, et al. v. General Electric, et al.*

482, 495 (6th Cir. 2001) (citation omitted). The court determined that the July 21, 2006 partial dismissal was not a "judgment on the merits" entitling Relators to attorneys' fees, and that such an entitlement did not occur until the January 2008 order quantifying those fees.

The parties dispute the point at which Relators became "unconditionally entitled" to reasonable attorneys' fees. This court has not addressed whether a relator is unconditionally entitled to attorneys' fees upon the court's consent to a partial settlement agreement, or whether the court must issue a final judgment indicating the entitlement to attorneys' fees. In light of the FCA's mandatory fee-shifting provision, we hold that a final order issued in an FCA case that entitles a relator to a share of the Government's recovery also entitles the relator to attorneys' fees.

The Supreme Court has held that, for the purposes of finality and appeal, an award of attorneys' fees is collateral to the judgment on the merits in the underlying case. *Budinich*, 486 U.S. at 200. Thus, a judgment on the merits of Relators' underlying claim was issued on July 21, 2006. At that point, Relators became conclusively entitled to "at least 15 percent but not more than 25 percent of the . . . settlement of the claim." 31 U.S.C. § 3730(d)(1). The FCA states that a successful relator "*shall*" receive reasonable attorneys' fees. *Id.* (emphasis added). While the district court retained discretion to determine what amount of attorneys' fees would be reasonable, Relators had an entitlement to a reasonable amount. The district court's finding that Relators did not become entitled to an award until that award was quantified was in error. While the amount of the eventual award was not certain when the FCA claims were settled, the existence of the award was. Therefore the district court misapplied the legal standard we set out in *Associated Gen. Contractors*, 250 F.3d at 495, constituting an abuse of discretion. *See Cherry Hill Vineyards, LLC*, 553 F.3d at 435.

15

Nos. 08-5216, 08-5296, 08-5390, and 08-5510
*United States, et al. v. General Electric, et al.*

**V**

We **AFFIRM** the district court's January 15, 2008 order awarding attorneys' fees, except for its calculation of the appropriate fee-related litigation award.  On that issue, we **REMAND** for further proceedings consistent with this opinion.   Further, we **VACATE** the March 28, 2008 order of the district court approving a supersedeas bond in the amount of $2.4 million and **REMAND** with instructions to calculate interest owed in all further proceedings from July 21, 2006.