**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1316**

_____

LOUIS PIERRE DEABREU; RENEE LAVINIA DEABREU,

Plaintiffs – Appellants,

v.

NOVASTAR HOME MORTGAGE, INCORPORATED; MICHIGAN FIDELITY ACCEPTANCE CORPORATION, d/b/a Franklin Mortgage Funding; WELLS FARGO BANK, d/b/a America's Servicing Company; TIMOTHY J. SLOAN; JOHN G. STUMPF; FOOTE TITLE INSURANCE AGENCY, INCORPORATED, a/k/a Foote Title Group; UNITED STATES BANK NATIONAL ASSOCIATION; MERS; ALEX COOPER AUCTIONEERS, INCORPORATED; BUONASSISSI, HENNING, & LASH, PC; LONG AND FOSTER REALTORS; PRUDENTIAL RIDGEWAY REALTY, INCORPORATED; EMC MORTGAGE; REAL TIME RESOLUTIONS, INCORPORATED; NAVY FEDERAL CREDIT UNION; CUTLER DAWSON, President/CEO Navy Federal Credit Union; SILVERMAN THEOLOGOU LLP; NORTH STAR CAPITAL ACQUISITION LLC; THE HOME DEPOT USA, INCORPORATED; US DEPARTMENT OF EDUCATION, c/o Sallie Mae, Inc.; PIONEER CREDIT RECOVERY, INCORPORATED; TD BANK, N.A.,

Defendants - Appellees.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, Chief District Judge.  (8:11-cv-03692-DKC)

_____

Submitted:  July 17, 2013            Decided:  July 31, 2013

_____

Before MOTZ, DUNCAN, and DAVIS, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam opinion.

_____

Louis Pierre Deabreu, Renee Lavinia Deabreu, Appellants Pro Se. Douglas Brooks Riley, TREANOR, POPE & HUGHES, PA, Towson, Maryland; Vijay Kumar Mago, LECLAIR RYAN, PC, Richmond, Virginia; Jennifer L. Sarvadi, LECLAIR RYAN, PC, Alexandria, Virginia; Timothy Guy Casey, LAW OFFICE OF TIMOTHY G. CASEY, PA, Rockville, Maryland; Chad King, John Sears Simcox, SIMCOX & BARCLAY, Annapolis, Maryland; Bizhan Beiramee, MCGINNIS WUTSCHER BEIRAMEE, LLP, Bethesda, Maryland; Amy Sanborn Owen, Kristin Anne Zech, COCHRAN & OWEN, LLC, Vienna, Virginia; Leonard Henry Pazulski, LAW OFFICES OF LEONARD H. PAZULSKI, Ellicott City, Maryland; Birgit Dachtera Stuart, THE LAW OFFICES OF RONALD S. CANTER, LLC, Rockville, Maryland; Laurie Beth Goon, Scott H. Marder, DUANE MORRIS, LLP, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Louis Pierre Deabreu and Renee Lavinia Deabreu appeal the district court orders dismissing their civil action for lack of subject matter jurisdiction and denying their post-judgment motions. We affirm in part and dismiss in part.

As an initial matter, Defendant TD Bank, N.A. argues that the notice of appeal was untimely as to the court's dismissal order because the United States and its agencies and officers are not parties to the action. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). Generally, parties to a civil action are accorded thirty days after the entry of final judgment to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). However, parties to a civil action in which the United States or its officer or agency is a party are accorded sixty days from the entry of judgment to note an appeal, absent extension or reopening of the appeal period. See Fed. R. App. P. 4(a)(1)(B).

The timely filing of certain post-judgment motions, including motions "to alter or amend the judgment under Rule 59" or "for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered," will delay the

3

start of the appeal period until "the entry of the order disposing of the last such remaining motion." See Fed. R. App. P. 4(a)(4)(A). Because the Deabreus filed a timely motion for reconsideration of the court's June 4, 2012 dismissal order, the time to appeal the underlying dismissal did not begin to run until the court's February 5, 2013 order disposing of the motion to reconsider. Their subsequent motion to reopen under Fed. R. Civ. P. 60(b), which sought relief from the underlying judgment, was not filed within twenty-eight days of that judgment, as required under Rule 4(a)(4) to delay the start of the appeal period. The Deabreus filed their notice of appeal on March 8, 2013, thirty-one days after the court denied their motion to reconsider. Thus, their appeal is timely as to the June 4 and February 5 orders only if the sixty-day appeal period under Rule 4(a)(1)(B) applies.

"A 'party' to litigation is '[o]ne by or against whom a lawsuit is brought.'" Eisenstein v. City of New York, NY, 556 U.S. 928, 933 (2009) (quoting Black's Law Dictionary 1154 (8th ed. 2004)). "A person or entity can be named in the caption of a complaint without necessarily becoming a party to the action." Id. at 935. Although the United States Department of Education was named as a party to the Deabreus' complaint, it was never properly served, see Fed. R. Civ. P. 4(i), never entered an appearance, and never participated in the district court

4

proceedings. Moreover, the complaint did not contain any factual allegations against the Department of Education or any other government party. We conclude, under the narrow facts presented here, that the Department of Education was not a "party" for the purposes of Rule 4(a)(1)(B). Therefore, the Deabreu's notice of appeal was untimely as to the June 4, 2012 order dismissing the complaint and the February 5, 2013 order denying the Deabreus' motion for reconsideration. Accordingly, we dismiss the appeal in part, insofar as it challenges these orders.

The Deabreus' appeal is timely, however, as to the order denying their motion to reopen. We review the denial of a Rule 60(b) motion for abuse of discretion. MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277 (4th Cir. 2008). Our review is limited to the propriety of Rule 60(b) relief and does not extend to the underlying judgment. Id. A movant seeking relief from a judgment under Rule 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks omitted). Once such a showing is made, the movant also must demonstrate: "(1) excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been

5

satisfied, released, or discharged; or (6) any other reason justifying relief." Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997). We have reviewed the record and conclude the Deabreus failed to make the requisite showing. Thus, the district court did not abuse its discretion in denying the motion, and we affirm the court's denial of Rule 60(b) relief.

The Deabreus also assert that the district court failed to review their pleadings with the deference accorded pro se filings. While pro se pleadings must be construed liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), courts are not required "to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). We conclude that the district court appropriately considered the Deabreus' lengthy pleadings and accorded them an appropriate level of deference.

Accordingly, we dismiss the appeal in part and affirm the district court's judgment in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART