(Slip Opinion)   OCTOBER TERM, 2008   1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## UNITED STATES EX REL. EISENSTEIN *v.* CITY OF NEW YORK, NEW YORK, ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

No. 08–660.   Argued April 21, 2009—Decided June 8, 2009

Petitioner filed this *qui tam* action in the name of the United States against respondent city and several of its officials under the False Claims Act (FCA), 31 U. S. C. §3729.  The Government declined to exercise its statutory right to intervene, the District Court dismissed the complaint and entered judgment for respondents, and petitioner filed a notice of appeal 54 days later.  Federal Rule of Appellate Procedure 4(a)(1)(A) and 28 U. S. C. §2107(a) require, generally, that such a notice be filed within 30 days of the entry of judgment, but Rule 4(a)(1)(B) and §2107(b) extend the period to 60 days when the United States is a "party."  The Second Circuit held that the 30-day limit applied and dismissed petitioner's appeal as untimely.

*Held:* When the United States has declined to intervene in a privately initiated FCA action, it is not a "party" to the litigation for purposes of either §2107 or Rule 4.  Because petitioner's time for filing a notice of appeal in this case was therefore 30 days, his appeal was untimely. Pp. 3–9.

   (a) Although the United States is aware of and minimally involved in every FCA action, it is not a "party" thereto unless it has brought the action or exercised its statutory right to intervene in the case. Indeed, intervention is the requisite method for a nonparty to become a party.  See *Marino* v. *Ortiz*, 484 U. S. 301, 304.  To hold otherwise would render the FCA's intervention provisions superfluous, contradicting the requirement that statutes be construed in a manner that gives effect to all their provisions, see, *e.g.*, *Cooper Industries, Inc.* v. *Aviall Services, Inc.*, 543 U. S. 157, 166.  The FCA expressly gave the United States discretion to intervene in FCA actions, and the Court cannot disregard that congressional assignment of discretion by des-

ignating the United States a "party" even after it has declined to assume the rights and burdens attendant to full party status.  Pp. 3–6.

   (b) Petitioner's arguments for designating the United States a party in all FCA actions are unconvincing.  First, neither the United States' "real party in interest" status, see Fed. Rule Civ. Proc. 17(a), nor the requirement that an FCA action be "brought in the name of the Government," 31 U. S. C. §3730(b)(1), converts the United States into a "party" where, as here, it has declined to bring the action or intervene.  Second, the Government's right to receive pleadings and deposition transcripts when it declines to intervene, see §3730(c)(3), does not support, but weighs against, petitioner's argument: If the United States were a party to every FCA suit, it would already be entitled to such materials under Federal Rule of Civil Procedure 5. Third, the fact that the United States is bound by the judgment in all FCA actions regardless of its participation in the case is not a legitimate basis for disregarding the statute's intervention scheme.  Finally, given that Rule 4(a)(1)(B) hinges its 60-day time limit on the United States' "party" status, petitioner's contention that the limit's underlying purpose would be best served by applying it in every FCA case is unavailing.  Pp. 6–9.

540 F. 3d 94, affirmed.

   THOMAS, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

No. 08–660

_____

## UNITED STATES, EX REL. IRWIN EISENSTEIN, PETITIONER *v.* CITY OF NEW YORK, NEW YORK, ET AL.

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

[June 8, 2009]

JUSTICE THOMAS delivered the opinion of the Court.

The question presented is whether the 30-day time limit to file a notice of appeal in Federal Rule of Appellate Procedure 4(a)(1)(A) or the 60-day time limit in Rule 4(a)(1)(B) applies when the United States declines to formally intervene in a *qui tam* action brought under the False Claims Act (FCA), 31 U. S. C. §3729. The United States Court of Appeals for the Second Circuit held that the 30-day limit applies. We affirm.

## I

Petitioner Irwin Eisenstein and four New York City (City) employees filed this lawsuit against the City to challenge a fee charged by the City to nonresident workers. They contended, *inter alia*, that the City deprived the United States of tax revenue that it otherwise would have received if the fee had not been deducted as an expense from the workers' taxable income. In their view, this violated the FCA, which creates civil liability for "[a]ny person who knowingly presents, or causes to be presented, to an officer or employee of the United States Government

. . . a false or fraudulent claim for payment or approval." §3729(a)(1). Although the United States is a "real party in interest" in a case brought under the FCA, Fed. Rule Civ. Proc. 17(a), an FCA action does not need to be brought by the United States. The FCA also allows "[a] person [to] bring a civil action for a violation of section 3729 for the person and for the United States Government," §3730(b)(1). In a case brought by a person rather than the United States, the FCA grants the United States 60 days to review the claim and decide whether it will "elect to intervene and proceed with the action." §3730(b)(2). After reviewing the complaint in this case, the United States declined to intervene but requested continued service of the pleadings. The United States took no other action with respect to the litigation. The District Court subsequently granted respondents' motion to dismiss the complaint and entered final judgment in their favor.

Petitioner filed a notice of appeal 54 days later. While the appeal was pending, the Court of Appeals *sua sponte* ordered the parties to brief the issue whether the notice of appeal had been timely filed. Federal Rule of Appellate Procedure 4(a)(1)(A)–(B) and 28 U. S. C. §§2107(a)–(b) generally require that a notice of appeal be filed within 30 days of the entry of judgment but extend the period to 60 days when "the United States or an officer or agency thereof is a party," §2107(b). Petitioner argued that his appeal was timely filed under the 60-day limit because the United States is a "party" to every FCA suit. Respondents countered that the appeal was untimely under the 30-day limit because the United States is not a party to an FCA action absent formal intervention or other meaningful participation.

The Court of Appeals agreed with respondents that the 30-day limit applied and dismissed the appeal as untimely. See 540 F. 3d 94 (CA2 2008). We granted certiorari, 555 U. S. ___ (2009), to resolve division in the courts

of appeals on the question,[1] and now affirm.

## II

A party has 60 days to file a notice of appeal if "the United States or an officer or agency thereof is a party" to the action. See §2107(b) ("In any such [civil] action, suit or proceeding in which the United States or an officer or agency thereof is a party, the time as to all parties shall be sixty days from such entry [of judgment]"); Fed. Rule App. Proc. 4(a)(1)(B) ("When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered"). Although the United States is aware of and minimally involved in every FCA action, we hold that it is not a "party" to an FCA action for purposes of the appellate filing deadline unless it has exercised its right to intervene in the case.[2]

## A

The FCA establishes a scheme that permits either the Attorney General, §3730(a), or a private party, §3730(b),

———————

[1] Compare *Rodriguez* v. *Our Lady of Lourdes Medical Center*, 552 F. 3d 297, 302 (CA3 2008); *United States ex rel. Lu* v. *Ou*, 368 F. 3d 773, 775 (CA7 2004); *United States ex rel. Russell* v. *Epic Healthcare Mgmt. Group,* 193 F. 3d 304, 308 (CA5 1999); *United States ex rel. Haycock* v. *Hughes Aircraft Co.,* 98 F. 3d 1100, 1102 (CA9 1996), with *United States ex rel. Petrofsky* v. *Van Cott, Bagley, Cornwall, McCarthy,* 588 F. 2d 1327, 1329 (CA10 1978) *(per curiam).*

[2] This does not mean that the United States must intervene before it can appeal any order of the court in an FCA action. Under the collateral-order doctrine recognized by this Court in *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541, 546–547 (1949), the United States may appeal, for example, the dismissal of an FCA action over its objection. See 31 U. S. C. §3730(b)(1); see also §3730(c)(3); *Marino* v. *Ortiz*, 484 U. S. 301, 304 (1988) *(per curiam)* (noting that "denials of [motions to intervene] are, of course, appealable"). In such a case, the Government is a party for purposes of appealing the specific order at issue even though it is not a party for purposes of the final judgment and Federal Rule of Appellate Procedure 4(a)(1)(B).

to initiate a civil action alleging fraud on the Government. A private enforcement action under the FCA is called a *qui tam* action, with the private party referred to as the "relator." *Vermont Agency of Natural Resources* v. *United States ex rel. Stevens*, 529 U. S. 765, 769 (2000). When a relator initiates such an action, the United States is given 60 days to review the claim and decide whether it will "elect to intervene and proceed with the action," §§3730(b)(2), 3730(b)(4); see also §3730(c)(3) (permitting the United States to intervene even after the expiration of the 60-day period "upon a showing of good cause").

If the United States intervenes, the relator has "the right to continue as a party to the action," but the United States acquires the "primary responsibility for prosecuting the action." §3730(c)(1). If the United States declines to intervene, the relator retains "the right to conduct the action." §3730(c)(3). The United States is thereafter limited to exercising only specific rights during the proceeding. These rights include requesting service of pleadings and deposition transcripts, §3730(c)(3), seeking to stay discovery that "would interfere with the Government's investigation or prosecution of a criminal or civil matter arising out of the same facts," §3730(c)(4), and vetoing a relator's decision to voluntarily dismiss the action, §3730(b)(1).

Petitioner nonetheless asserts that the Government is a "party" to the action even when it has not exercised its right to intervene. We disagree. A "party" to litigation is "[o]ne by or against whom a lawsuit is brought." Black's Law Dictionary 1154 (8th ed. 2004). An individual may also become a "party" to a lawsuit by intervening in the action. See *id.*, at 840 (defining "intervention" as "[t]he legal procedure by which . . . a third party is allowed to become a party to the litigation"). As the Court long ago explained, "[w]hen the term [to intervene] is used in reference to legal proceedings, it covers the right of one to

interpose in, *or become a party to*, a proceeding already instituted." *Rocca* v. *Thompson*, 223 U. S. 317, 330 (1912) (emphasis added). The Court has further indicated that intervention is the requisite method for a nonparty to become a party to a lawsuit. See *Marino* v. *Ortiz*, 484 U. S. 301, 304 (1988) *(per curiam)* (holding that "when [a] nonparty has an interest that is affected by the trial court's judgment . . . the better practice is for such a nonparty *to seek intervention* for purposes of appeal" because "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment" (internal quotation marks omitted; emphasis added)). The United States, therefore, is a "party" to a privately filed FCA action only if it intervenes in accordance with the procedures established by federal law.

To hold otherwise would render the intervention provisions of the FCA superfluous, as there would be no reason for the United States to intervene in an action in which it is already a party. Such a holding would contradict well-established principles of statutory interpretation that require statutes to be construed in a manner that gives effect to all of their provisions. See, *e.g.*, *Cooper Industries, Inc.* v. *Aviall Services, Inc.*, 543 U. S. 157, 166 (2004); *Dole Food Co.* v. *Patrickson*, 538 U. S. 468, 476–477 (2003). Congress expressly gave the United States discretion to intervene in FCA actions—a decision that requires consideration of the costs and benefits of party status. See, *e.g.*, Fed. Rule Civ. Proc. 26(a) (requiring a party to disclose certain information without awaiting any discovery request); Rule 34 (imposing obligations on parties served with requests for production of information); Rule 37 (providing for sanctions for noncompliance with certain party obligations). The Court cannot disregard that congressional assignment of discretion by designating the United States a "party" even after it has declined to assume the rights and burdens attendant to full party

status.[3]

## B

Petitioner's arguments that the United States should be designated a party in all FCA actions irrespective of its decision to intervene are unconvincing. First, petitioner points to the United States' status as a "real party in interest" in an FCA action and its right to a share of any resulting damages. See Fed. Rule Civ. Proc. 17(a); *Vermont Agency of Natural Resources, supra,* at 772; see also 6A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure §1545, pp. 351–353 (2d ed. 1990) ("[W]hen there has been . . . a partial assignment the assignor and the assignee each retain an interest in the claim and are both real parties in interest"). But the United States' status as a "real party in interest" in a *qui tam* action does not automatically convert it into a "party."

The phrase, "real party in interest," is a term of art utilized in federal law to refer to an actor with a substantive right whose interests may be represented in litigation by another. See, *e.g.*, Fed. Rule Civ. Proc. 17(a); see also Cts. Crim. App. Rule Prac. & Proc. 20(b), 44 M. J. LXXII (1996) ("When an accused has not been named as a party, the accused . . . shall be designated as the real party in interest"); Black's Law Dictionary, *supra,* at 1154 (defining a "real party in interest" as "[a] person entitled under

––––––––––

[3] This Court's decision in *Devlin* v. *Scardelletti*, 536 U. S. 1 (2002), is not to the contrary. There, the Court held that in a class-action suit, a class member who was not a named party in the litigation could appeal the approval of a settlement without formally intervening. See *id.*, at 6–14. But the Court's ruling was premised on the class-action nature of the suit, see *id.*, at 10–11, and specifically noted that party status depends on "the applicability of various procedural rules that may differ based on context," *id.,* at 10. For the reasons explained above, we conclude that in the specific context of the FCA, intervention is necessary for the United States to obtain status as a "party" for purposes of Rule 4(a)(1)(B).

the substantive law to enforce the right sued upon and who generally . . . benefits from the action's final outcome"). Congress' choice of the term "party" in Rule 4(a)(1)(B) and §2107(b), and not the distinctive phrase, "real party in interest," indicates that the 60-day time limit applies only when the United States is an actual "party" in *qui tam* actions—and not when the United States holds the status of "real party in interest." Cf. *Barnhart* v. *Sigmon Coal Co.*, 534 U. S. 438, 452 (2002) ("[W]hen Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion" (internal quotation marks omitted)). Consequently, when, as here, a real party in interest has declined to bring the action or intervene, there is no basis for deeming it a "party" for purposes of Rule 4(a)(1)(B).

We likewise reject petitioner's related claim that the United States' party status for purposes of Rule 4(a)(1)(B) is controlled by the statutory requirement that an FCA action be "brought in the name of the Government." 31 U. S. C. §3730(b)(1). A person or entity can be named in the caption of a complaint without necessarily becoming a party to the action. See 5A C. Wright & A. Miller, Federal Practice and Procedure §1321, p. 388 (3d ed. 2004) ("[T]he caption is not determinative as to the identity of the parties to the action"). And here, it would make little sense to interpret the naming requirement of §3730(b)(1) to dispense with the specific procedures for intervention provided elsewhere in the statute.

Second, petitioner relies on the Government's right to receive pleadings and deposition transcripts in cases where it declines to intervene, see §3730(c)(3). But the existence of this right, if anything, weighs against petitioner's argument. If the United States were a party to every FCA suit, it would already be entitled to such mate-

rials under Federal Rule of Civil Procedure 5, thus leaving no need for a separate provision preserving this basic right of litigation for the Government.

Third, petitioner relies on the fact that the United States is bound by the judgment in all FCA actions regardless of its participation in the case. But this fact is not determinative; nonparties may be bound by a judgment for a host of different reasons. See *Taylor* v. *Sturgell*, 553 U. S. \_\_\_, \_\_\_ (2008) (slip op., at 9–14) (describing "six established categories" in which a nonparty may be bound by a judgment); see also Restatement (Second) of Judgments §41(1)(d), p. 393 (1980) (noting that a nonparty may be bound by a judgment obtained by a party who, *inter alia*, is "an official or agency invested by law with authority to represent the person's interests"). If the United States believes that its rights are jeopardized by an ongoing *qui tam* action, the FCA provides for intervention— including "for good cause shown" after the expiration of the 60-day review period. The fact that the Government is bound by the judgment is not a legitimate basis for disregarding this statutory scheme.

Finally, petitioner contends that the underlying purpose of the 60-day time limit would be best served by applying Rule 4(a)(1)(B) in every FCA case. The purpose of the extended 60-day limit in cases where the United States is a party, he claims, is to provide the Government with sufficient time to review a case and decide whether to appeal. Petitioner contends that, even in cases where the Government did not intervene before the district court issued its decision, the Government may want to intervene for purposes of appeal, and should have the full 60 days to decide. But regardless of the purpose of Rule 4(a)(1)(B) and the convenience that additional time may provide to the Government, this Court cannot ignore the Rule's text, which hinges the applicability of the 60-day period on the requirement that the United States be a "party" to the

action.[4]

### III

We hold that when the United States has declined to intervene in a privately initiated FCA action, it is not a "party" to the litigation for purposes of either §2107 or Federal Rule of Appellate Procedure 4. Because petitioner's time for filing a notice of appeal in this case was therefore 30 days, his appeal was untimely. The judgment of the Court of Appeals is affirmed.

*It is so ordered.*

———————

[4] Petitioner contends that the uncertainty regarding Rule 4(a)(1)(B) has created a "tra[p] for the unwary," and that our decision will unfairly punish those who relied on the holdings of courts adopting the 60-day limit in cases in which the United States was not a party. See Brief for Petitioner 25–27. As an initial matter, it is unclear how many pending cases are implicated by petitioner's concern as such cases would have to involve parties who waited more than 30 days to appeal from the judgment in an FCA case in which the United States declined to intervene. But to the extent that there are such cases, the Court must nonetheless decide the jurisdictional question before it irrespective of the possibility of harsh consequences. See *Torres* v. *Oakland Scavenger Co.*, 487 U. S. 312, 318 (1988) ("We recognize that construing Rule3(c) [of the Federal Rules of Appellate Procedure] as a jurisdictional prerequisite leads to a harsh result in this case, but we are convinced that the harshness of our construction is 'imposed by the legislature and not the judicial process'" (quoting *Schiavone* v. *Fortune*, 477 U. S. 21, 31 (1986))).