# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 16-11534

_____

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2017

Lyle W. Cayce
Clerk

STATE OF TEXAS; HARROLD INDEPENDENT SCHOOL DISTRICT (TX); STATE OF ALABAMA; STATE OF WISCONSIN; STATE OF TENNESSEE; ARIZONA DEPARTMENT OF EDUCATION; HEBER-OVERGAARD UNIFIED SCHOOL DISTRICT (AZ); GOVERNOR OF MAINE PAUL LEPAGE; STATE OF OKLAHOMA; STATE OF LOUISIANA; STATE OF UTAH; STATE OF GEORGIA; STATE OF WEST VIRGINIA; STATE OF MISSISSIPPI; STATE OF KENTUCKY,

          Plaintiffs–Appellees,

v.

UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF EDUCATION; ELISABETH PRINCE DEVOS, in her Official Capacity as United States Secretary of Education; UNITED STATES DEPARTMENT OF JUSTICE; JEFF SESSIONS, in his Official Capacity as Attorney General of the United States; VANITA GUPTA, in her Official Capacity as Principal Deputy Assistant Attorney General; UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; JENNY R. YANG, in her Official Capacity as the Chair of the United States Equal Employment Opportunity Commission; UNITED STATES DEPARTMENT OF LABOR; EDWARD C. HUGLER, Acting, in his Official Capacity as United States Secretary of Labor; DAVID MICHAELS, in his Official Capacity as the Assistant Secretary of Labor for Occupational Safety and Health Administration,

          Defendants–Appellants,

DR. RACHEL JONA TUDOR,

          Movant–Appellant.

No. 16-11534

_____

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 7:16-CV-54

_____

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:*

The Appellees, which we will collectively refer to as the States, have filed a motion with this court to dismiss Dr. Rachel Jona Tudor's appeal. The United States Appellants do not oppose the motion to dismiss. We grant the motion.

**I**

The United States Department of Justice (DOJ) sued Southeastern Oklahoma State University and its governing board in the Western District of Oklahoma (the *Southeastern* Litigation), asserting a Title VII claim for alleged discrimination and retaliation against Dr. Tudor, a professor who is transgender. Dr. Tudor subsequently intervened. Oklahoma moved to dismiss on the ground that Dr. Tudor was not a member of a protected class for Title VII purposes. The District Court for the Western District of Oklahoma denied the motion, reasoning that Dr. Tudor fell within a protected class because the defendants' actions "were based upon their dislike of her gender."

Over a year later, the District Court for the Northern District of Texas issued the preliminary injunction that is currently at issue in the appeal pending before this court. In its order clarifying the preliminary injunction, the District Court for the Northern District of Texas noted that because the

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 16-11534

*Southeastern* Litigation "was substantially underway before the issuance of this injunction, DOJ's legal arguments in the case fall outside the scope of this injunction." However, the clarification stated that the preliminary injunction "still 'enjoin[s] [the United States] from enforcing the Guidelines against [the States] and their respective schools, school boards, and other public, educationally-based institutions' (including Southeastern Oklahoma State University) and 'enjoin[s] [the United States] from initiating, continuing, or concluding any investigation based on [the United States'] interpretation that the definition of sex includes gender identity in Title IX's prohibition against discrimination on the basis of sex.'" Thereafter, the district court for the Western District of Oklahoma stayed the *Southeastern* Litigation.

Dr. Tudor then moved pursuant to Rule 24(b) to intervene in the Northern District of Texas case.[1] She sought a declaratory judgment in that court that the order issued by the district court in the *Southeastern* Litigation "finally decided the question of whether Dr. Tudor is a member of a protected class under Title VII." Both the States and the United States opposed Dr. Tudor's motion to intervene in the district court. Although the District Court for the Northern District of Texas has not ruled on the motion to intervene,[2] Dr. Tudor has filed a notice of appeal seeking review of the preliminary injunction. The States moved in this court to dismiss her appeal, and the United States does not oppose that motion.

---

[1] FED. R. CIV. P. 24(b).

[2] When a motion to intervene is denied, the movant may appeal that ruling. *Edwards v. City of Houston*, 78 F.3d 983, 992 (5th Cir. 1996) (en banc). If a district court unreasonably delays in ruling on a motion, mandamus relief requiring a prompt ruling may be available. *See In re Scott*, 163 F.3d 282, 283-84 (5th Cir. 1998) (per curiam); *In re Sch. Asbestos Litig.*, 977 F.2d 764, 792 (3d Cir. 1992).

No. 16-11534

## II

## A

"It is well-settled that one who is not a party to a lawsuit, or has not properly become a party, has no right to appeal a judgment entered in that suit."[3]  Dr. Tudor is not a party: she is neither "[o]ne by or against whom a lawsuit is brought" nor a successful intervenor.[4]  Nevertheless, she argues that "[w]here a non-party is injured or directly aggrieved by an appealable order issued by the district court, the nonparty may appeal it without formally moving to intervene."  To support this proposition, she relies on this court's unpublished decision in *In re Taxable Municipal Bond Securities Litigation*.[5] But in that case, not only did we expressly "decline to rule on the dictum of this court . . . that '[i]f an injunction extends to non-parties, they may appeal from it,'" we also *granted* the motion to dismiss the nonparty's appeal because "the appellants clearly ha[d] an effective means of obtaining review," which was to seek intervention.[6]

We have recognized an exception to this well-settled rule that allows nonparties to "rely on a vague balancing test to overcome the general presumption against non-party appeals."[7]  If the court were to apply this test, it would assess "whether 'the non-parties actually participated in the proceedings below, the equities weigh in favor of hearing the appeal, and the

---

[3] *Edwards v. City of Houston*, 78 F.3d 983, 993 (5th Cir. 1996).

[4] *See United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009) (internal quotation marks omitted) (quoting BLACK'S LAW DICTIONARY 1154 (8th ed. 2004)); *see id.* (noting that the Supreme Court has "indicated that intervention is the requisite method for a nonparty to become a party to a lawsuit").

[5] 979 F.2d 1535, 1535 (5th Cir. 1992) (unpublished) (quoting *United States v. Chagra*, 701 F.2d 354, 359 (5th Cir. 1983)).

[6] *Id.*

[7] *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 249 (5th Cir. 2009).

No. 16-11534

non-parties have a personal stake in the outcome.'"[8] Dr. Tudor, however, has not referenced this test in her brief, and as a result, she has forfeited its application.[9] Even absent forfeiture, Dr. Tudor has not cited any authority, and we have found none (outside of those involving collateral orders[10]), in which this court has allowed a nonparty to appeal without intervening and without having actually participated in the proceedings below.

## B

Alternatively, Dr. Tudor requests that we treat her appellate brief as a motion to intervene because it serves the "purpose" of such a motion in that it "timely apprise[s] the parties and court of the nonparty's interest in the appeal." Although timely notice of a nonparty's interest might be *a* purpose of a motion to intervene, it is not the *principal* purpose; it does not establish that a nonparty *can* intervene, that is, that the nonparty "has a claim or defense that shares with the main action a common question of law or fact."[11] Dr. Tudor's appellate brief is not the equivalent of a motion to intervene.

## III

Dr. Tudor also argues that the States' motion to dismiss should be denied because it is untimely. She acknowledges that neither the Federal Rules of Appellate Procedure nor this court's rules "prescribe a deadline for filing a motion to dismiss an appeal." Instead, she asserts that we should deny the motion to dismiss because "it is in the interests of justice and doing so will avoid prolonging litigation for no good reason." Dr. Tudor has provided no case

---

[8] *Searcy v. Philips Elecs. N. Am. Corp.*, 117 F.3d 154, 157 (5th Cir. 1997) (quoting *EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1442 (5th Cir. 1995)).

[9] *Miller v. Metrocare Servs.*, 809 F.3d 827, 832 n.5 (5th Cir. 2016).

[10] *See Chagra*, 701 F.2d at 358–59 (5th Cir. 1983); *see also Devlin v. Scardeletti*, 536 U.S. 1, 16–17 (2002) (SCALIA, J., dissenting) (explaining that non-parties have been "allowed to appeal from the collateral orders to which they *were* parties").

[11] FED. R. CIV. P. 24(b)(1)(B).

No. 16-11534

in which a court has dismissed a motion to dismiss an appeal as untimely, and we are not convinced that it would be in the interest of justice to allow a nonparty to pursue an appeal. It is also unclear how granting the motion to dismiss will prolong the litigation, a point which Dr. Tudor's brief does not elucidate.

*    *    *

For the foregoing reasons, we GRANT the States' motion to dismiss.