**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, as Subrogee of Alexander
Zahri; AUTO CLUB INDEMNITY
COMPANY; CALIFORNIA CAPITAL
INSURANCE COMPANY; THE
CINCINNATI INSURANCE COMPANY;
CSAA INSURANCE EXCHANGE; ERIE
INSURANCE COMPANY; FIRST
AMERICAN SPECIALTY INSURANCE
COMPANY; INTERINSURANCE
EXCHANGE OF THE AUTOMOBILE
CLUB; LIBERTY INSURANCE
CORPORATION; LIBERTY LLOYDS OF
TEXAS INSURANCE COMPANY;
LIBERTY MUTUAL MID-ATLANTIC
INSURANCE COMPANY; LM
INSURANCE CORPORATION;
MERCURY CASUALTY COMPANY;
RESIDENCE MUTUAL INSURANCE
COMPANY; SAFECO INSURANCE
COMPANY OF AMERICA; SAFECO
INSURANCE COMPANY OF ILLINOIS;
SAFECO INSURANCE COMPANY OF
INDIANA; SAFECO INSURANCE
COMPANY OF OREGON; THE FIRST
LIBERTY INSURANCE CORPORATION;
UNITED SERVICES AUTOMOBILE
ASSOCIATION; USAA CASUALTY
INSURANCE COMPANY; USAA

No. 17-56523

D.C. No.
5:17-cv-00228-
MWF-SP

OPINION

GENERAL INDEMNITY COMPANY;
USAA TEXAS LLOYDS COMPANY;
WESTFIELD INSURANCE COMPANY;
WESTFIELD NATIONAL INSURANCE
COMPANY,
            *Plaintiffs-Appellees*,


                v.


EZ-FLO INTERNATIONAL, INC.,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted December 14, 2017
Pasadena, California

Filed December 14, 2017

Before:  Stephen Reinhardt, Ronald Lee Gilman,[*]
and Kim McLane Wardlaw, Circuit Judges.

Opinion by Judge Gilman

---

[*] The Honorable Ronald Lee Gilman, United States Circuit Judge
for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

## SUMMARY[**]

### Class Action Fairness Act

The panel affirmed the district court's order, remanding to state court a complaint brought by 26 insurance companies in their capacity as subrogees of 145 insured homeowners against a defendant manufacturer, because there was no jurisdiction under the Class Action Fairness Act ("CAFA") to qualify as a "mass action." 28 U.S.C. § 1332(d)(2).

Under CAFA, a defendant in a civil action suit may remove a "mass action" from state to federal court if the aggregate amount in controversy exceeds $5 million. A "mass action" is defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."

The panel held that, based on *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736 (2014), the lawsuit filed by 26 insurance companies, acting as subrogees of the 145 insureds, did not satisfy CAFA's numerosity requirement. Specifically, the panel held that under *Hood*, the word "persons" in CAFA's phrase "100 or more persons" is synonymous with named plaintiffs. The panel further held that "plaintiffs" meant parties who actually brought suit, and it did not mean real parties in interest. The panel concluded that the 145 insureds were not plaintiffs in this case, and this fact was dispositive.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Michael J. Hassen (argued) and Christopher H. Doyle, Jeffer Mangels Butler & Mitchell LLP, San Francisco, California; Michael Phillips, EZ-FLO International Inc., Ontario, California; for Defendant-Appellant.

Timothy E. Cary (argued), Law Offices of Robert A. Stutman P.C., Corona, California; Hal J. Kleinman, Law Offices of Robert A. Stutman P.C., Fort Washington, Pennsylvania; for Plaintiffs-Appellees.

**OPINION**

GILMAN, Circuit Judge:

Under the Class Action Fairness Act of 2005 (CAFA), a defendant in a civil suit may remove a "mass action" from state to federal court if the aggregate amount in controversy exceeds \$5,000,000. 28 U.S.C. § 1332(d)(2), (11). A "mass action" is defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." *Id.* § 1332(d)(11)(B)(i). This case presents the narrow question of whether a lawsuit filed by 26 insurance companies (the Plaintiffs), in their capacity as subrogees of 145 insured homeowners, qualifies as a mass action. The district court answered in the negative. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

# I.  BACKGROUND

## A.  Factual background

The defendant, EZ-FLO International, Inc. (EZ-FLO), manufactures supply lines that connect water pipes to plumbing fixtures.  These supply lines consist of flexible tubing on the inside, a protective covering of braided wire on the outside, and plastic nuts on both ends that connect the supply lines to adjacent plumbing.  Underlying this lawsuit is the Plaintiffs' allegation that the plastic nuts are defective and allow water to leak out of the supply lines.  The Plaintiffs made payments to their insured homeowners for damages caused by the alleged defect.  They then filed suit against EZ-FLO as subrogees of those insureds.

## B.  Procedural background

The Plaintiffs filed suit in the Superior Court of California, County of San Bernardino.  When they amended their complaint to seek over $5,000,000 in damages allegedly suffered by their 145 insureds, EZ-FLO filed a notice of removal pursuant to CAFA, 28 U.S.C. § 1332(d).  The Plaintiffs then moved to remand.  In granting that motion, the district court held that it lacked jurisdiction under 28 U.S.C. § 1332(d) because the amended complaint "does not include more than 100 named plaintiffs."  EZ-FLO then filed a petition for leave to appeal pursuant to 28 U.S.C. § 1453(c), which a prior panel of this court granted.

# II.  ANALYSIS

At issue in this appeal is whether a lawsuit filed by 26 insurance companies, acting as subrogees of their 145 insureds, involves "claims of 100 or more persons" within     the     meaning     of     CAFA,     28     U.S.C.

§ 1332(d)(11)(B)(i).  We review this question de novo.  *See Corber v. Xanodyne Pharm., Inc.*, 771 F.3d 1218, 1222 (9th Cir. 2014) (en banc) (specifying de novo review with regard to a motion to remand).  The answer is supplied by *Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736 (2014).

### A. Under *Hood*, the word "persons" in CAFA's phrase "100 or more persons" is synonymous with named plaintiffs.

In *Hood*, the State of Mississippi sued manufacturers of liquid crystal displays (LCDs) for alleged violations of Mississippi antitrust and consumer-protection statutes. Mississippi brought the suit *ex rel.* (that is, on the relation of) its citizens in one of its state trial courts, seeking restitution both for itself and for its citizens who had purchased the defendants' LCDs.  Although the State's citizens were not named plaintiffs, the defendants removed the case to federal court under CAFA, arguing that the citizens should be counted toward the "100 or more persons" required for a mass action.

The Supreme Court unanimously disagreed, holding that the suit was not a mass action because "a 'mass action' must involve monetary claims brought by 100 or more persons who propose to try those claims jointly *as named plaintiffs*." *Hood*, 134 S. Ct. at 739 (emphasis added).  In so holding, the Court rejected the defendant's arguments that real parties in interest should count for the purpose of ascertaining CAFA jurisdiction.  *Id.* at 746 ("Congress repeatedly used the word 'plaintiffs' to describe the 100 or more persons whose claims must be proposed for a joint trial.  That word refers to actual, named parties—a concept inherently at odds with the background inquiry into unnamed real parties in interest, who by definition are never plaintiffs.").

The Supreme Court's conclusion that the word "persons" in the phrase "100 or more persons" is synonymous with named plaintiffs flowed from a careful statutory analysis. To start with, the Court noted that a sister provision to the mass-action provision—namely, the class-action provision— explicitly permits the numerosity requirement for class members to be satisfied by counting unnamed parties. *Id.* at 742. It further noted that, in the mass-action provision, "Congress chose not to use the phrase 'named or unnamed.'" *Id.* The Court deemed this omission "intentional." *Id.* (citing *Dean v. United States*, 556 U.S. 568, 573 (2009) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (internal quotation marks omitted))).

The Supreme Court also interpreted the word "persons" in § 1332(d)(11)(B)(i) in the light of similar language in Rule 20 of the Federal Rules of Civil Procedure, which governs party joinder, because § 1332(d)(11)(B)(i) "use[s] the terms 'persons' and 'plaintiffs' just as they are used in . . . Rule . . . 20." *Id.* In so doing, the Court observed:

> Where § 1332(d)(11)(B)(i) requires that the "claims of 100 or more persons [must be] proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact," Rule 20 provides that "[p]ersons may join in one action as plaintiffs if they assert any right to relief jointly . . . and any question of law or fact common to all plaintiffs will arise in the action."

*Id.*  From this parallel use of the term "persons," the Court reasoned that, "just as it is used in Rule 20, the term 'persons' in § 1332(d)(11)(B)(i) refers to the individuals who are proposing to join as plaintiffs in a single action." *Id.* (presuming "that 'Congress is aware of existing law when it passes legislation'" (internal quotation marks omitted) (quoting *Hall v. United States*, 566 U.S. 506, 516 (2012))).

Interpreting the words "persons" and "plaintiffs" as synonyms also gives the provision its most sensible meaning.  "It is difficult to imagine how the claims of one set of unnamed individuals could be proposed for joint trial on the ground that the claims of some completely different group of named plaintiffs share common questions." *Id.*  For all of these reasons, the Supreme Court concluded that "the '100 or more persons' and the proposed 'plaintiffs'" are "one and the same." *Id.*

## B.  "Plaintiffs" means parties who actually bring suit; it does not mean real parties in interest.

Having determined that "the '100 or more persons' and the proposed 'plaintiffs'" are "one and the same," the Supreme Court then turned to the meaning of the latter term, starting with how it is defined in various dictionaries.  "The term 'plaintiff,'" the Court said, "is among the most commonly understood legal terms of art:  It means a 'party who brings a civil suit in a court of law.'" *Id.* at 743 (quoting Black's Law Dictionary 1267 (9th ed. 2009)).  A plaintiff, in other words, is "'one who commences a personal action or lawsuit,' or 'the complaining party in any litigation.'" *Id.* (quoting Webster's Third New International Dictionary 1729 (1961)).  "It certainly does not mean 'anyone, named or unnamed, whom a suit may benefit.'" *Id.*

EZ-FLO tries to distinguish *Hood* on the ground that, whereas the Mississippi citizens in that case were unnamed, the insureds here are identified in the case caption by reference to an attached exhibit.  But this distinction is irrelevant in light of *Hood*.  Even if the insureds are in some sense "named" in the complaint, they are not "named *plaintiffs*" as *Hood* requires.  *See Hood*, 134 S. Ct. at 739 (emphasis added) (concluding that "a 'mass action' must involve monetary claims brought by 100 or more persons who propose to try those claims jointly as named plaintiffs"); *see also United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 935 (2009) ("A person or entity can be named in the caption of a complaint without necessarily becoming a party to the action." (citing 5A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1321 (3d ed. 2004))); *Fed. Sav. & Loan Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1475 n.9 (5th Cir. 1990) (explaining that although Rule 10(a) of the Federal Rules of Civil Procedure "states that the caption of the complaint 'shall include the names of all the parties,' this does not necessarily mean that all named in the caption are parties for all purposes merely by virtue of being thus listed").

Our conclusion that the insureds are not plaintiffs follows inexorably from the fact that they have not brought this lawsuit.  Nor have they filed, served, or been served with any papers in this case.  The insureds also have made no arguments and taken no positions, and there is no indication in the record that they have any right to control this lawsuit's prosecution.  Moreover, EZ-FLO's counsel readily conceded at oral argument that the only "plaintiffs" in this lawsuit are the 26 insurance companies.

The fact that the insureds are not named plaintiffs is dispositive.  Nonetheless, EZ-FLO argues in its brief that the

insureds should be *considered* as plaintiffs for the purpose of analyzing jurisdiction under CAFA's mass-action provision because, in subrogation suits, "the insurance compan[ies] depend[] upon [the insureds'] rights and stand[] in their shoes."   But the dynamic in which one party figuratively stands in the shoes of another is hardly unique to subrogation suits.  It is, in fact, a defining feature of *ex rel.* suits as well—the context in which *Hood* arose.  *Compare Chubb Custom Ins. Co. v. Space Systems/Loral, Inc.*, 710 F.3d 946, 957 (9th Cir. 2013) (explaining that "the insurer (the subrogee) 'stands in the shoes' of the insured (the subrogor)"), *with United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1360 (11th Cir. 2006) ("The relator stands in the government's shoes . . . ."), *and United States ex rel. Kelly v. The Boeing Co.*, 9 F.3d 743, 748 (9th Cir. 1993) ("If the government declines to prosecute the alleged wrongdoer, the qui tam plaintiff effectively stands in the shoes of the government.").

In effect, EZ-FLO asks us to apply a real-party-in-interest test.  But *Hood* makes clear that we cannot look past the case caption to count up the real parties in interest or define "plaintiffs" in such broad terms as to effectively do so.  *See Hood*, 134 S. Ct. at 746 (concluding that "the word 'plaintiffs'" in § 1332(d)(11)(B)(i) "refers to actual, named parties").

Finally, we note that even if *Hood* had not forbidden the use of a real-party-in-interest test, the insureds would likely not qualify as real parties in interest here.  "If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest . . . ."  *United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380–81 (1949).  This circumstance apparently fits the present case, with the Plaintiffs' counsel representing at oral argument that "the only losses that are at

issue in this case are the losses that have been paid by the insurance companies." The insureds, he said, "have no financial interest whatsoever" in this lawsuit. As he later put it more colloquially, they have "no skin in the game."

EZ-FLO, of course, is not bound by opposing counsel's representations. But a contrary finding on whether the insureds are even in part real parties in interest would do EZ-FLO no good in light of *Hood*. To put it bluntly, EZ-FLO's goose is cooked simply by the fact (as admitted by its own counsel) that the insureds are not named plaintiffs in this case.

This leaves EZ-FLO with the plaintive argument that CAFA's numerosity requirement "elevate[s] form over substance." Perhaps it does. But that is what the Supreme Court in *Hood* determined that Congress had intended. *See Hood*, 134 S. Ct. at 745 ("[T]he Court of Appeals appeared to find [a real-party-in-interest] inquiry necessary on the basis of what it understood to be a background principle: that federal courts look to the substance of the action and not only at the labels that the parties may attach. This was error." (internal quotation marks and citation omitted)). Based on *Hood*, we conclude that CAFA's numerosity requirement is not satisfied in the present case.

## III.  CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.