[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-10604

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

MURRAY FARMER,
JOHN P. MCAVOY,
MARCO ZAVALA,

Interested Parties-Appellants,

*versus*

THE REPUBLIC OF HONDURAS,
(ROH),
MOISES STARKMAN,
former Minister of FHIS,
CARLOS ROBERTO FLORES FACUSSE,
former President of the Republic of Honduras,

2                    Opinion of the Court                    20-10604

Individually and in his official capacity,
JUAN ORLANDO HERNANDEZ,
current President of Honduras,
individually and in his official capacity,
GABRIELA NUNEZ DE REYES, et al.,
Secretary of State for Finance,

                                        Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:17-cv-00470-KD-N

————————————

Before ROSENBAUM, TJOFLAT, Circuit Judges, and MOODY,* District Judge.

MOODY, District Judge:

The False Claims Act (31 U.S.C. § 3729 *et. seq.*) allows a person, known as a Relator, to bring an action on behalf of the Government to recover damages for making a false or fraudulent claim

—————————————

* The Honorable James S. Moody, Jr., United States District Judge for the Middle District of Florida, sitting by designation.

for payment from the United States (a *qui tam* action).  The Government, even after initially declining to intervene, may dismiss the suit over the Relator's objection with notice and an opportunity for a hearing.  This appeal raises two issues: (1) whether the Government must first formally intervene upon a showing of good cause prior to filing a motion to dismiss, and (2) what standard of review is the Court to use at the hearing.

Because we have previously determined that the Government does not have to formally intervene before filing a motion to settle a *qui tam* action, and because the reasoning is the same for dismissals, we hold that the Government does not have to formally intervene before moving to dismiss a *qui tam* case even though it had earlier declined to intervene.  And while the statute requires that a proposed settlement be "fair, adequate, and reasonable," the statute is silent as to any such requirement for dismissals.  We therefore conclude that decisions to dismiss are within the province of the Executive Branch subject only to limits imposed by the Federal Rules of Civil Procedure, a statute, or the Constitution.

Here, when the Relators filed their initial complaint, the United States declined to intervene.  The Relators then filed an amended complaint adding additional defendants, some of which were Government employees in their individual and official capacities.  The United States, upon further consideration, determined that the action should be dismissed.  It then filed its motion to dismiss without first filing a motion to intervene in the case.

Relators contended that the United States was not a party unless it first formally intervened "for good cause" under § 3730(3) and therefore had no standing to file a motion to dismiss. And, if the Court were to consider the Government's motion, it should require the Government to show (1) a valid government purpose for the dismissal and (2) a rational relation between the dismissal and accomplishing that purpose. Then, if the Government were to satisfy this two-step test, the Relators acknowledged, to avoid dismissal, they must then show that the motion was fraudulent, arbitrary and capricious, or illegal. This is the framework adopted in the Ninth Circuit. *See United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.,* 151 F.3d 1139, 1145 (9th Cir. 1998).

The District Court followed our earlier decision in *United States v. Everglades College, Inc.,* 855 F.3d 1279 (11th Cir. 2019), and concluded that the United States was not required to move to intervene before filing a motion to dismiss. The Court entered judgment dismissing the case. The Relators appealed. We have jurisdiction under 28 U.S.C. § 1291.

The False Claims Act provides in pertinent part:

> **(c) Rights of the parties to qui tam actions. (1)** If the Government proceeds with the action, it shall have the primary responsibility for prosecuting the action, and shall not be bound by an action of the person bringing the action. Such person shall have the right to continue as a

party to the action, subject to the limitations set forth in paragraph (2).

**(2)(A)** The Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion.

**(B)** The Government may settle the action with the defendant notwithstanding the objections of the person initiating the action if the court determines, after a hearing, that the proposed settlement is fair, adequate, and reasonable under all the circumstances. Upon showing good cause, such a hearing may be held in camera.

31 USCA § 3730(c)(1) and (2)(A) and (B). The statute is silent concerning whether the Government must formally intervene before filing a motion to dismiss and does not inform the court what standard the Government must meet to obtain a dismissal. Our

6                     Opinion of the Court                 20-10604

sister circuits vary in their approaches to these questions[1] (but the ultimate results seem to be the same).

We have previously addressed this issue in the context of a motion by the Government to approve a settlement. The reasoning applies as well to dismissals:

> We hold that, in this case, the United States did not need to satisfy the good-cause intervention requirement for *qui tam* actions under 31 U.S.C.§ 3730(c)(3) because that subsection applies only when the government intervenes for the purpose of actually proceeding with the litigation—not when it is stepping in only for the purpose of settling and ending the case. Because intervention was not required, we need not concern ourselves with whether the requirements of § 3730(c)(3), which addresses late intervention by the government for the purpose of *continuing* the litigation, have been met.
>
> A straightforward reading of the text supports this conclusion. First, subsection (b)(2) expressly links intervention to the government's decision to "proceed

---

[1] For a review of the various positions taken on these issues, *see United States ex rel. Health Choice All. LLC v. Eli Lilly & Co.*, No. 19-40906, 2021WL 2821116 (5th Cir. July 7, 2021); *Polansky v. Exec. Health Res. Inc.,* No. 19-3810, 2021 WL 4999092 (3d Cir. Oct. 28, 2021).

with the action." § 3730(b)(2) ("The Government may elect to *intervene* and *proceed with the action*...." (emphasis added)). Second, in subsections (c)(2)(A) and (B), the statute spells out the circumstances in which the government may settle or dismiss a *qui tam* case, and neither subsection conditions the government's rights on formally intervening in the case. Instead, they provide in unequivocal terms that "the Government may settle [or dismiss] the action with the defendant notwithstanding the objections of the person initiating the action." § 3730(c)(2)(A), (B). (emphasis added). In the context of dismissals, the court need only "provide[ ] the [relator] with an opportunity for a hearing," § 3730(c)(2)(A); and with settlements, the court must "determine[], after a hearing, that the proposed settlement is fair, adequate, and reasonable under all the circumstances," § 3730(c)(2)(B). We decline to import the good-cause intervention requirement from subsection (c)(3) into these provisions which specifically govern dismissals and settlements.

*Everglades College, Inc.,* 855 F.3d at 1285–1286 (footnotes omitted).

As we said in *Everglades*, when the Government moves to dismiss an action after having declined to intervene, it need provide

the Relator only notice and a hearing.  After all, it is the Government's claim and the Government's damages.  The decision to dismiss the case for the Government's damages lies within the prosecutorial discretion of the Executive Branch.

That is not to say the Government's authority is boundless. The decision to dismiss must not be based on a constitutionally impermissible standard such as race, religion, other arbitrary classification, or vindictiveness.  *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978); *Wayte v. United States*, 470 U.S. 598, 608, 105 S. Ct. 1524, 1531, 84 L. Ed. 2d 547 (1985) ("As we have noted in a slightly different context, however, although prosecutorial discretion is broad, it is not unfettered.  …[T]he decision to prosecute may not be deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification, including the exercise of protected statutory and constitutional rights.") (internal citations omitted).

Once the Government has placed its motion before the Court, it must exercise its executive authority in accordance with the Federal Rules of Civil Procedure (41 and 11), other applicable statutes, and the Constitution.  It may not violate either the Equal Protection or the Due Process Clause.  As the Seventh Circuit[2]

---

[2] The Seventh Circuit concluded the Government must intervene before filing a motion to dismiss, but the motion to dismiss may be construed as both a motion to intervene and dismiss.  In effect, then, a district court's order denying a motion to dismiss would be tantamount to denying a motion to

20-10604                Opinion of the Court                  9

noted, these are generous limits that would be breached rarely if ever. *United States ex rel. Cimznhca, L.L.C. v. UCB, Inc.,* 970 F.3d 835, 852 (7th Cir. 2020).

> Accordingly, where the government's conduct does not bump up against the Rules, the statute, or the Constitution, the notice and hearing under § 3730(c)(2)(A) serve no great purpose. But that will not be true in every case. Our reading of § 3730(c)(2)(A) does not render its process futile as a general matter. Rather, this particular relator simply had no substantive case to make at the hearing to which the statute entitled it. Whenever a party has the right to invoke the court's aid, it has the obligation to do so with at least a non-frivolous expectation of relief under the governing substantive law. Fed. R. Civ. P. 11(b). That is not always possible, but that does not make the right meaningless.

*Cimznhca, L.L.C.*, 970 F.3d at 853.

---

intervene. This solves the issue, it says, of whether the denial of a motion to dismiss is an appealable collateral order. That issue is not before us and we do not reach it. In any event, the Seventh Circuit held the appropriate standard of review for the hearing is that required by Federal Rule of Civil Procedure 41 "and any applicable background constraints on executive conduct in general." *Cimznhca, L.L.C., Inc.*, 970 F.3d at 849.

The Relators in this case argue that the Government failed to meet even this low bar. They contend the dismissal was an abuse of executive power because it was based not on the merits of the case, but because of its alleged animosity to the individual Relators. This contention was rejected by the District Court. It determined that the Government offered multiple valid reasons to dismiss the case, including, among others, that it did not believe it had been damaged and that it was concerned that the action could damage diplomatic relations with Honduras. We agree with the District Court.

The decision of the District Court is **AFFIRMED**.

20-10604                TJOFLAT, J., Concurring                1

TJOFLAT, Circuit Judge, joined by ROSENBAUM, Circuit Judge, Concurring:

At issue here is what limitations 31 U.S.C. § 3730(c)(1) and 31 U.S.C. § 3730(c)(2) place on the Government and the initiator. I agree with the Court's opinion that the outcome in this case is pre-determined by our sweeping opinion in *United States v. Everglades College, Inc.*, 855 F.3d 1279 (11th Cir. 2017). I write separately to explain just how wrong *Everglades* is and to suggest that it should be overturned by this Court sitting *en banc*.

I start with the statutory basics of Government intervention in *qui tam* cases brought by a relator. *See SEC v. Levin*, 849 F.3d 995, 1003 (11th Cir. 2017) ("In determining the meaning of a statute or regulation, the first step is to determine whether the statutory language has a plain and unambiguous meaning by referring to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." (internal citation and quotation marks omitted)). The Government can choose "to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information."[1]  31 U.S.C. § 3730(b)(2). Or the Government may intervene after the 60-day window if it shows good cause. *Id.* § 3730(c)(3).

---

[1] The Government may seek an extension of the 60-day period "for good cause." 31 U.S.C. § 3730(b)(3).

Building on the foundation of § 3730(b)(2), § 3730(c) lays out three different scenarios: (c)(1) focuses on *when the Government proceeds* with the action, in which case the initiator has the right to continue as a party to the action, subject to the limitations set forth in (c)(2); (c)(3) focuses on *when the Government elects not to proceed* with the action, in which case the initiator has the right to conduct the action; and (c)(4), which allows the Government to seek a stay of discovery in certain circumstances, applies *whether or not the Government elects to proceed* with the action. *Id.* § 3730(c).

Let us turn to the language of (c)(1): "*If the Government proceeds with the action*, it shall have the primary responsibility for prosecuting the action, and shall not be bound by an act of the person bringing the action. Such person shall have the right to continue as a party to the action, subject to the limitations set forth in paragraph (2)." *Id.* § 3730(c)(1) (emphasis added). And the limitations set forth in § 3730(c)(2) are as follows:

> (2)
>
> > (A) The Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion.

(B) The Government may settle the action with the defendant notwithstanding the objections of the person initiating the action if the court determines, after a hearing, that the proposed settlement is fair, adequate, and reasonable under all the circumstances. Upon a showing of good cause, such hearing may be held in camera.

(C) Upon a showing by the Government that unrestricted participation during the course of the litigation by the person initiating the action would interfere with or unduly delay the Government's prosecution of the case, or would be repetitious, irrelevant, or for purposes of harassment, the court may, in its discretion, impose limitations on the person's participation, such as—

> (i) limiting the number of witnesses the person may call;
>
> (ii) limiting the length of the testimony of such witnesses;
>
> (iii) limiting the person's cross-examination of witnesses; or
>
> (iv) otherwise limiting the participation by the person in the litigation.

(D) Upon a showing by the defendant that unrestricted participation during the course of the

> litigation by the person initiating the action would be
> for purposes of harassment or would cause the de-
> fendant undue burden or unnecessary expense, the
> court may limit the participation by the person in the
> litigation.

*Id.* § 3730(c)(2).

In other words, when the Government chooses to proceed with the litigation, the relator gets to continue being a part of the litigation subject to four limitations: A) the Government may move to dismiss the action; B) the Government may settle the action; C) the court may limit the involvement of the initiator because it will delay the Government's case; and D) the court may limit the participation of the initiator if the defendant shows that the initiator is litigating for the purposes of harassment or the initiator's participation would cause undue burden or unnecessary expense. *Id.* § 3730(c)(2). And my view is that all four of these scenarios—including § 3730(c)(2)(A), which is at issue in this case—assume that the Government has already intervened. At least two canons of statutory interpretation support my view.

First, "statutory language cannot be construed in a vacuum. It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809, 109 S. Ct. 1500, 1504 (1989) (internal citation omitted). To read § 3730(c)(2)(A) in a vacuum would look like this: "The Government may dismiss the action

notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A). And, assuredly, doing so would lead to finding no textual imperative for the Government to intervene before moving to dismiss. The language of this subsection seems to allow the Government to ride in on a white horse and dismiss, so long as the relator gets notice of the motion and there is a hearing before dismissal. But, interpreting the statute that way neglects context and the overall statutory scheme.

The context of the statute indicates that the limitations under § 3730(c)(2) are attached to § 3730(c)(1), meaning that they are only triggered when the Government is proceeding with the action, either by intervening within the 60-day timeline or by showing good cause after that period. Section 3730(c)(1) is clear that "[i]f the Government proceeds with the action . . . [the initiator] has the right to continue as a party to the action, subject to the limitations set forth in paragraph (2)." *Id.* § 3730(c)(1). So, the limitations in paragraph (2) are dependent on the Government proceeding with the action under § 3730(c)(1).

The interplay between § 3730(c)(1) and § 3730(c)(2) is heightened by the fact that §§ 3730(c)(2)(C), (D), companion subsections to § 3730(c)(2)(A), assume that the Government has intervened. Section 3730(c)(2)(C) allows the Government to petition the court to limit an initiator's role in a case if the initiator's participation

6                    TJOFLAT, J., Concurring                    20-10604

would, among other things, "unduly delay the Government's pros-ecution of the case." *Id.* § 3730(c)(2)(C).   Section 3730(c)(2)(D) al-lows the defendant to show that an initiator's participation in a case would hinder the case in some way, in which case the court may limit the initiator's participation. *Id.* § 3730(c)(2)(D).  It is essential to our adversarial system that a defendant may not limit the in-volvement of the only opposing party in a case. *See Polansky v. Executive Health Resources, Inc.*, 17 F.4th 376, 385 (3d Cir. 2021) (citing *United States ex rel. CIMZNHCA, LLC v. UCB, Inc.*, 970 F.3d 835, 845 (7th Cir. 2020)).   So, it must follow that § 3730(c)(2)(D) applies when both the Government and the initia-tor stand on the other side of the case—meaning, the Government has at some point intervened in the action.  It would be quite odd if §§ 3730(c)(2)(C), (D) were conditioned on Government interven-tion but §§ 3730(c)(2)(A), (B) for dismissal and settlement were not, when all four subsections act as the limitations mentioned in § 3730(c)(1).

This is especially true in light of the fact that dismissal and settlement are typically only actions taken by parties to the litiga-tion, even if non-parties, who are unable to intervene, would have an interest in the termination of the case. *See* Fed. R. Civ. P. 12 (governing dismissals); Fed. R. Civ. P. 23(e) (governing settlements of class actions); Fed. R. Civ. P. 24 (explaining that intervention may not be available, even when an individual's interests are wrapped up in the litigation).  In other words, a non-party cannot move to dismiss or settle if it has not successfully intervened, even

if it will be affected by the outcome of the case. And the United States is not a party in a qui tam action until it has intervened. *See United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932, 129 S. Ct. 2230, 2234 (2009). So, it makes very little sense that the United States, who is a non-party prior to intervention, could exercise the rights and privileges of becoming a party—namely, moving to dismiss and settle—without also assuming the responsibilities of becoming a party. *See id.* at 933–34, 129 S. Ct. at 2234–35 (explaining that "[t]he Court cannot disregard that congressional assignment of discretion by designating the United States as a 'party' even after it has declined to assume the rights and burdens attendant to full party status"); *see also id.* at 934 n.3, 129 S. Ct. at 2235 n.3 ("[W]e conclude that in the specific context of the FCA, intervention is necessary for the United States to obtain status as a party for purposes of Rule 4(a)(1)(B)").

The second canon of statutory construction in support of my view is that we should "give effect, if possible to every clause and word of a statute." *Moskal v. United States*, 498 U.S. 103, 109, 111 S. Ct. 461, 466 (1990) (internal citations and quotation marks omitted). If we were to interpret § 3730(c)(2)(A) as not requiring the Government to intervene before dismissal, we would be rendering two other parts of the statute superfluous. First, interpreting the statute that way would render superfluous the phrase, "If the Government proceeds with the action," in § 3730(c)(1). If the Government could dismiss without intervening in the litigation under § 3730(c)(2)(A), that language in § 3730(c)(1) is worthless.

8                          TJOFLAT, J., Concurring                    20-10604

Interpreting the statute that way would also render the language of § 3730(c)(4) superfluous.  Section 3730(c)(4) governs when it does not matter "[w]hether or not the Government proceeds with the action."  31 U.S.C. § 3730(c)(4).  But, if dismissal could be accomplished, whether or not the Government intervenes, then there is no need to have an entirely separate part of the statute in § 3730(c)(4) dedicated to when it does not matter "[w]hether or not the Government intervenes."  My reading of the text, that the Government must intervene before dismissing under § 3730(c)(2)(A), avoids these clashes with the canons of statutory construction and provides a clear path forward based on the text and context of the statute.  Having laid out my construction of the statute on the table, I now turn to why my reading is foreclosed by *United States v. Everglades College, Inc.*, 855 F.3d 1279 (11th Cir. 2017).

At issue in *Everglades* was § 3730(c)(2)(B), when the Government wants to settle an action.  The relators in that case argued that the Government had not shown good cause under § 3730(c)(3) such as to intervene before settling the action under § 3730(c)(2)(B).  *Everglades*, 855 F.3d at 1285.  The Court there said that it did not matter whether the Government had shown good cause because intervention was not necessary for settling an action.  *Id.* at 1285–86. In reaching that conclusion, the Court relied on the fact that § 3730(c)(2) did not condition "the [G]overnment's rights on formally intervening in the case."  *Id.* at 1286.  The *Everglades* court said that the good-cause late intervention requirement of § 3730(c)(3) only applies when the Government wants to

20-10604                TJOFLAT, J., Concurring                        9

"continu[e] the litigation." *Id.* In making that determination, the Court only looked at the language of § 3730(c)(2)(B): "The Government may settle the action with the defendant." *Id.* The reasoning of *Everglades* applies with equal force to the present case because both the settlement provision at issue in *Everglades* and the dismissal provision in this case fall within the same subsection— § 3730(c)(2).

The *Everglades* decision is the product of a court neglecting our general practice of determining the meaning of a statute "by referring to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Bautista v. Star Cruises*, 396 F.3d 1289, 1295 (11th Cir. 2005) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341, 117 S. Ct. 843, 846 (1997)). The Court looked at the fact that § 3730(c)(2)(B) did not have a textual limitation on Government intervention without any reference to the context of § 3730(c) as whole. *Everglades*, 855 F.3d at 1286. This approach ignores the interplay between § 3730(c)(1) and § 3730(c)(2) and the three clear textual paths § 3730(c) creates. The Court also looked at the language of § 3730(b)(2), which says that within the 60-day timeline discussed above, the Government "may elect to intervene and proceed with the action." *Id.* Because § 3730(b)(2) links intervention with proceeding with the action, the *Everglades* court decided that all interventions must be for the purpose of "*continuing* the litigation." *Id.* (emphasis in original). In doing so, the *Everglades* court went beyond the statutory text 1) to equate proceeding with the action with continuing the litigation

and 2) to determine implicitly that moving to dismiss is not proceeding with the action. *Id.* This approach is unmoored from the statutory text and context and renders superfluous § 3730(c)(4). This Court sitting *en banc* should reject this reading.

Once the Government intervenes under either the 60-day timeline or the good-cause requirement, it may seek dismissal under § 3730(c)(A). I believe that the Seventh Circuit's opinion in *United States v. CIMZNHCA, LLC*, 970 F.3d 835 (7th Cir. 2020), provides the correct analysis of the statutory language, by treating the Government's motion to dismiss as both a request to intervene and a motion to dismiss. And I agree with the Court's opinion that Rule 41, the applicable provisions of § 3730, and the Constitution provide the standard for dismissal under § 3730(c)(2). *See* Fed. R. Civ. P. 41(a)(1)(A) (explaining that Rule 41 is subject to "any applicable statute"); *see also Polanksy*, 17 F.4th at 389 (discussing the applicability of Rule 41 in the dismissal context of § 3730(c)(2)(A)). And, until this Court sitting *en banc* overturns *Everglades*, I agree that we are bound by its reasoning and application to this case. Therefore, I concur.