**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 8, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALBERTA ROSE JOSEPHINE JONES,
individually,

     Plaintiff- Appellant,

and

ALBERTA ROSE JOSEPHINE JONES, as
parent and legal guardian for her
challenged son, Ryan Garrett Jones,

     Plaintiff,

v.

PROPSTONE LLC; MARY FALLIN, in
her official capacity as the Governor for the
State of Oklahoma; MIKE HUNTER, in
his official capacity as the Attorney
General of the State of Oklahoma; DAVID
W. PRATER, in his official capacity as the
District Attorney for Oklahoma City; THE
JOINT COMMISSION; FRATERNAL
ORDER OF POLICE, Oklahoma City;
WILLIAM CITTY, in his official capacity
as the Oklahoma City Chief of Police;
CHARLES DOUGHERTY, in his official
capacity as the Sheriff of Lincoln County
Oklahoma; TIM DONALDSON, in his
official capacity as Lincoln County
Oklahoma Under Sheriff; ALAN BROWN,
Lincoln County Oklahoma Deputy Sheriff;
SHYVONNE BROOK; MICHAEL
TRUMAN; JOSHUA SILVERHORN;
PAMELA B. HAMMERS, in her previous
official duties as Assistant District
Attorney Lincoln County Oklahoma;
STACEY DAVIS, in her official capacity

No. 17-6199
(D.C. No. 5:17-CV-00614-R)
(W.D. Okla.)

as City Clerk for Oklahoma City Municipal Court; KENNETH JORDAN, in his previous official duties as Municipal Counselor city of Oklahoma City; BRANDON DOWNS, in his official capacity as an Oklahoma City Police Department Police Officer; ROBERT A. WRIGHT, in his official as an Oklahoma City Police Department Police Officer; JEFFREY YUST, in his official capacity as an Oklahoma City Police Department Police Officer; T ACKERMAN, Comm #1219 in his official capacity as a Detective Oklahoma City Police Department; TONY STARLING; WESLIE DAWSON; DEPARTMENT OF JUSTICE; DOES, 1-10 respectfully,

      Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.
_____

      Alberta Jones appeals the district court's order dismissing her complaint.

Because her appeal is untimely, we dismiss it for lack of jurisdiction.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I. Background**

Jones' complaint describes two unfortunate incidents. First, Jones alleges that her son, who suffers from mental health problems, was involved in a disturbance at Oakwood Springs Hospital. When Jones arrived at the hospital, she was taken to a locked room where three men harassed her. Second, in a separate incident, Jones alleges that "[s]tate and county officials refused to prosecute" men who stole her cattle. R. at 8. This led Jones to believe there is a conspiracy to harass her and her son. Based on these allegations, Jones asserts three claims against Propstone, LLC (which owns Oakwood Springs Hospital) and the other defendants (predominately state and county officials): (1) disability discrimination by Propstone; (2) disability discrimination and retaliation by "Propstone and all state, local and federal players[]," R. at 10; and (3) retaliation and conspiracy to harass Jones and her son.[1]

The district court dismissed Jones' claims without prejudice.[2] It found that Jones could not maintain a pro se action on behalf of her son and that her remaining allegations were insufficient "to support any type of discernible claim against the identified defendants," R. at 41. It also concluded that amending her complaint would be futile. Jones filed a motion to reconsider, which the district court denied.

Jones appeals.

---

[1] It appears Propstone was the only defendant served.

[2] In its order, the district court dismissed the claims Jones brought on behalf of her son without prejudice. The order did not specify whether Jones' other claims were dismissed with or without prejudice, but the district court's judgment said the matter was dismissed without prejudice.

**II. Analysis**

Propstone argues we lack jurisdiction to consider Jones' appeal because it is untimely. We agree.

In a civil case, a timely notice of appeal is a jurisdictional requirement. *N. Am. Specialty Ins. Co. v. Corr. Med. Servs., Inc.*, 527 F.3d 1033, 1039 (10th Cir. 2008) (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)). The notice generally must be filed within 30 days after the district court's judgment or its order disposing of a timely motion to reconsider. *See* Fed. R. App. P. 4(a)(1)(A), (4)(A). There is an exception to the 30-day limit if the United States or one of its agencies, officers, or employees is a party to the action. Fed. R. App. P. 4(a)(1)(B). In such a case, the notice of appeal must be filed within 60 days. *Id*.

The district court denied Jones' motion to reconsider on July 12, 2017, and Jones filed her notice of appeal 61 days later, on September 11, 2017. Nevertheless, Jones argues her appeal is timely because she had 60 days to file her notice of appeal and the last day of the period was a Sunday. *See* Fed. R. App. P. 26(a)(1)(C) (when the last day of the period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day"). Jones does not explain why she believes the 60-day period applies, but we note that a United States agency—the Department of Justice—appears in the caption of her complaint.

We conclude the department is not a "party" for purposes of Fed. R. App. P. 4(a)(1)(B), so Jones has not shown the 60-day period applies to her appeal. "A 'party' to litigation is one by or against whom a lawsuit is brought." *U.S. ex rel.*

4

*Eisenstein v. City of N.Y.*, 556 U.S. 928, 933 (2009) (brackets and internal quotation marks omitted). But "[a] person or entity can be named in the caption of a complaint without necessarily becoming a party to the action." *Id*. at 935. Although it was named in the caption, Jones' complaint contains no factual allegations against the Department of Justice. Moreover, the department was never served, never entered an appearance, and never participated in the proceedings. Under the circumstances, we cannot conclude the Department of Justice is a party to this action. *C.f. U.S. ex rel. Petrofsky v. Van Cott, Bagley, Cornwall, McCarthy*, 588 F.2d 1327, 1329 (10th Cir. 1978) (per curiam) ("Courts have not hesitated to apply the 30-day rule . . . when the United States' interest is tangential or nominal.").

Because Jones has not shown the 60-day period applies, her notice of appeal was due 30 days after the district court denied her motion to reconsider. *See* Fed. R. App. P. 4(a)(1)(A), (4)(A). Jones failed to appeal within that time, so her appeal is untimely and we lack jurisdiction to consider it.

**III. Conclusion**

We dismiss Jones' appeal for lack of jurisdiction.

Entered for the Court

Gregory A. Phillips
Circuit Judge

5