883 F.2d 1027
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
WALL INDUSTRIES, INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 89-1236.
 United States Court of Appeals, Federal Circuit.
 July 26, 1989.
 
 Before MARKEY, Chief Judge, BENNETT, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Wall Industries, Inc. (Wall), in whose favor judgment was rendered in a tax refund case, filed an application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412 (1982). The Claims Court (Gibson, J.) held that neither Wall nor its accounting firm, Arthur Young & Company (Young), the real party in interest, was eligible for fees under the Act. Wall Industries, Inc. v. United States, 15 Cl.Ct. 796 (1988). We affirm.
 
 OPINION
 
 2
 Wall and Young entered into a written agreement, the purpose of which was to settle all controversy between them regarding the latter's alleged negligence to file a timely, formal refund claim for Wall. Pursuant thereto Young paid Wall, the taxpayer, in settlement of Wall's claim with respect to a tax overpayment. In return, Wall agreed to institute a refund suit in its own name but Young was to choose and pay for legal counsel, have full control over trial strategy (except for a contingency that did not arise), and have authority to settle the case. Any recovery, including attorney fees, that might be allowed was to be paid over to Young. Suit was brought and judgment was entered in Wall's favor. Wall Industries, Inc. v. United States, 10 Cl.Ct. 82 (1986). Then, as agreed with Young, Wall filed an application for attorney fees which was denied and is now appealed.
 
 
 3
 The EAJA provides, inter alia, that an applicant must show each of several requirements to succeed, including: (1) that it was the prevailing party in the original action, (2) that it incurred the cost of the legal fees in that action, (3) that it must have a net worth of $7 million or less if a business or less than $2 million if an individual, and (4) if it is a business or organization it must employ 500 or fewer persons. See Secs. 2412(d)(1)(A) and --(d)(2)(B).
 
 
 4
 The Claims Court found that Wall was not the prevailing party in the original action because it was not the real party, but only a nominal party in interest by reason of the agreement with Young. Further, it was Young who received the proceeds from the judgment and, if eligible, would receive the attorney fees, having paid the same. The Claims Court held that Wall did not incur those fees or have any responsibility to do so and derived no benefit from the judgment. It was further found and adjudged that since Young was the real prevailing party in interest and paid the fees, it must still satisfy various eligibility requirements of the EAJA to recover. It did not qualify under the EAJA because its net worth and number of employees admittedly exceeded the statutory maximums. The fee application was accordingly denied.
 
 
 5
 We have carefully examined the record, the able briefs of the parties, and heard oral arguments, and are fully satisfied that the Claims Court decision was factually valid and sufficient and correct as a matter of law for the reasons and upon the authorities carefully set forth in its opinion which dismissed the fee application. Further, the possibility of an ineligible party using a nominally eligible party as a front to obtain fees otherwise unavailable is contrary to the Act and its legislative history and purpose and cannot be countenanced.