Wallach, Circuit Judge, dissenting.
The majority properly recognizes that the real party in interest doctrine has been applied to bar recovery of litigation costs and attorney fees in tax proceedings under Internal Revenue Code ("I.R.C.") § 7430 (2012) and 28 U.S.C. § 2412 (2012), but errs in "agree[ing] with the [U.S. Court of Federal Claims'] determination that 'the ... doctrine is not a bar to recovery' in this case." Maj. Op. 782 (quoting BASR P'ship v. United States , 130 Fed.Cl. 286, 308 (2017) ). In arriving at its conclusion, the majority relies on precedent that is not only inapposite to its reasoning, but that explicitly contradicts it. If, as here, there exists an express agreement making other parties or non-parties liable for a party's litigation costs and attorney fees and providing that they will receive any court award of costs and fees, then those parties and non-parties are the real parties in interest who must demonstrate eligibility for such an award. The Court of Federal Claims, therefore, erred in determining Appellee BASR Partnership ("BASR") is the real party in interest, see BASR , 130 Fed.Cl. at 308, and awarding BASR litigation costs and attorney fees, see id . at 313-14. The proper course is to vacate the Court of Federal Claims' real party in interest determination and remand the case for findings regarding whether the actual real parties in interest, i.e., William F. Pettinati, Sr., Virginia Pettinati, and William F. Pettinati, Jr. (collectively, "the Pettinatis"), who are partners in BASR and liable for the litigation costs and attorney fees arising from this case, satisfy the statutory eligibility requirements for the award of litigation costs and attorney fees under § 7430 and § 2412. Accordingly, I respectfully dissent.
DISCUSSION
The Pettinatis, not BASR, are the real parties in interest with regard to litigation costs and attorney fees in this case because they are liable for the financial obligations that resulted from the U.S. Internal Revenue Service's untimely issuance of a notice of final partnership administrative adjustment to Appellee Mr. Pettinati, Sr., the tax matters partner of BASR, and because they will receive the costs and fees awarded by the Court of Federal Claims. The Pettinatis, rather than BASR, must, therefore, fulfill the criteria under § 7430 and § 2412 for the award of litigation costs and attorney fees. In order to recover these costs and fees "[i]n any administrative or court preceding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under" the Internal Revenue Code, a party must be a "prevailing party." I.R.C. § 7430(a). To be a prevailing party, a party must, inter alia, "meet[ ] the requirements of [ 28 U.S.C. §] 2412(d)(2)(B)." Id . § 7430(c)(4)(A)(ii). Section 2412(d)(2)(B) allows recovery by "an individual whose net worth did not exceed $ 2,000,000 at the time the civil action was filed" or "any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or *785 organization, the net worth of which did not exceed $ 7,000,000 ... and which had not more than 500 employees at the time the civil action was filed."
In addition, we have invoked the real party in interest doctrine[1] with regard to § 2412, and stated that, "[i]f the party seeking legal fees is obligated to pay them to a third party which is not the professional providing the legal service, an award under [ § 2412 ] has been deemed inappropriate." Phillips v. Gen. Servs. Admin. , 924 F.2d 1577, 1583 n.5 (Fed. Cir. 1991). Pursuant to the real party in interest doctrine, we must examine the parties or non-parties to whom any award of costs and fees actually accrues to determine whether they are statutorily eligible for such an award. See Wall Indus., Inc. v. United States , No. 89-1236, 1989 WL 81684, at *1 (Fed. Cir. July 26, 1989) (per curiam) (affirming the Court of Federal Claims' conclusion that a party "was not the prevailing party" because it "did not incur th[e legal] fees or have any responsibility to do so and derived no benefit from the judgment," and determining that the "real prevailing party in interest [that] paid the fees" and "received the proceeds from the judgment" "must ... satisfy [the] various eligibility requirements of [ § 2412 ] to recover"). This approach is consistent with several of our sister circuits, including the Third, Eighth, Ninth, and D.C. Circuits. See Estate of Palumbo v. United States , 675 F.3d 234, 242 (3d Cir. 2012) (determining that "a legal arrangement that ma[kes a party] responsible for [legal] fees" makes it the real party in interest in attorney fees proceedings under § 7430 and § 2412); Nat'l Ass'n of Mfrs. v. Dep't of Labor , 159 F.3d 597, 603 (D.C. Cir. 1998) ("[T]he 'real party in interest' doctrine applies [under § 2412 ] when an ineligible party pays the fees for an eligible party" or when "an ineligible non-party (such as an association member) ... pays the fees of a party (such as an association)," and "bar[s] fee awards from which only ineligible parties [and non-parties] would benefit" (emphases and footnote omitted)); Love v. Reilly , 924 F.2d 1492, 1494 (9th Cir. 1991) (providing that individual members of an association "would be the real party in interest in the [ § 2412 ] fee litigation ... if they were liable for the [association's] attorney[ ] fees"); SEC v. Comserv Corp. , 908 F.2d 1407, 1416 (8th Cir. 1990) (determining that "a ... party meeting the financial qualifications" of § 2412 was nevertheless ineligible to receive an award of attorney fees because its attorney fees were "fully paid by a noneligible organization" and it was, therefore, not the real party in interest).
Application of the real party in interest doctrine to the limitations of § 2412 is appropriate in light of Congress's intent in enacting this statute. Pertinently, Congress found that "certain individuals, partnerships, corporations, and labor and other organizations may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights in civil actions and in administrative proceedings." Equal Access to Justice Act, Pub. L. No. 96-481, § 202(a), 94 Stat. 2321, 2325 (1980). Accordingly, when § 2412 was enacted, its stated purpose was "to diminish the deterrent *786 effect of seeking review of, or defending against, governmental action by providing in specified situations an award of attorney fees, expert witness fees, and other costs against the United States." Id . § 202(c)(1) (emphasis added). As the D.C. Circuit has recognized, "a congressional intention to limit the scope of [ § 2412 ] to individuals or to small entities that find particularly burdensome the ever-rising costs of litigation" is evident, but "not to subsidize ... the purchase of legal services by large entities easily able to afford legal services." Unification Church , 762 F.2d at 1082 ; see Wall Indus. , 1989 WL 81684, at *1 ("[T]he possibility of an ineligible party using a nominally eligible party as a front to obtain fees otherwise unavailable is contrary to [ § 2412 ] and its legislative history and purpose and cannot be countenanced."); see also Foley Constr. Co. v. U.S. Army Corps of Eng'rs , 716 F.2d 1202, 1203 (8th Cir. 1983) ("The purpose of [ § 2412 ] is to diminish the deterrent effect of the expense involved in seeking review of, or defending against, unreasonable government action." (citation omitted)).
There is no dispute that the Pettinatis are legally obligated to pay the litigation costs and attorney fees arising from this case. See J.A. 2067-69 (providing the Fees and Costs Agreement between, inter alia, Mr. Pettinati, Jr. and counsel for BASR and Mr. Pettinati, Sr.), 2070-72 (providing the same with regard to Mr. Pettinati, Sr. and Ms. Pettinati), 2073-282 (providing the invoices for legal services provided by counsel for BASR and Mr. Pettinati, Sr. billed to Mr. Pettinati, Sr. and Ms. Pettinati). Indeed, the record demonstrates that the Pettinatis actually paid the litigation costs and attorney fees. J.A. 2283-91 (providing the Billing and Payment Report from counsel for BASR and Mr. Pettinati, Sr. indicating amounts charged and payments made by Mr. Pettinati, Sr. and Mr. Pettinati, Jr.), 2327-57 (providing the credit card statements indicating payments made by Mr. Pettinati, Sr. and Mr. Pettinati, Jr. to counsel for BASR and Mr. Pettinati, Sr.). In addition, BASR's partnership agreement obligates BASR to indemnify the Pettinatis, as partners in BASR, for these financial obligations and outlays. See J.A. 2392 (identifying, in the Partnership Agreement, the Pettinatis as partners), 2399 (stating, in the Partnership Agreement, that "[e]ach Partner shall , to the extent permitted by law, be indemnified and held harmless by [BASR ] from and against any and all ... expenses (including reasonable legal fees and expenses) ... arising from any and all ... suits or proceedings ... in which the Partner may be involved" (emphases added)). Thus, pursuant to the Partnership Agreement and the Pettinatis' agreements to pay the fees and costs of counsel for BASR and Mr. Pettinati, Sr., the Pettinatis, not BASR, stand to benefit from the Court of Federal Claims' award of litigation costs and attorney fees, and are, therefore, the real parties in interest. See Phillips , 924 F.2d at 1583 n.5 (stating that, "[i]f the party seeking legal fees is obligated to pay them to a third party which is not the professional providing the legal service, an award under [ § 2412 ] has been deemed inappropriate"); Unification Church , 762 F.2d at 1082 ("[T]he beneficiary of any award of fees ... can fairly be characterized as the real party in interest.").
The situation here mirrors that in Unification Church upon which the majority relies in resolving the real party in interest issue. See Maj. Op. 783 (basing its resolution of this issue on "the real-party-in-interest doctrine[ ] as applied in Unification Church "). There, three individuals and a church sought attorney fees from the Government. Unification Church , 762 F.2d at 1079. However, per an arrangement with their shared counsel, the church was *787 solely liable for attorney fees. Id . at 1082. Thus, "[w]hatever the outcome of [the D.C. Circuit's] consideration of fees," the individuals would "not pay the fees." Id . If fees were not awarded, the church would pay, and if they were, the Government would pay. Id . The church was, therefore, determined to be "the beneficiary of any award of fees, not the individual appellants, and ... the [c]hurch [was] characterized as the real party in interest." Id ."[I]f the [c]hurch would not itself qualify [for a fee award], then to allow the presence of the individual plaintiffs to result in a fee award would allow the [c]hurch to receive free legal services courtesy of a statute that intended to exclude the [c]hurch from its scope." Id . at 1083. Similarly, had the Court of Federal Claims not awarded costs and fees here, the Pettinatis would have paid. See J.A. 2067-72. The Court of Federal Claims, however, awarded costs and fees, so Appellant the United States ("Government") must pay. See BASR P'ship , 130 Fed.Cl. at 313. Under Unification Church , the Pettinatis are the real parties in interest, not BASR. See 762 F.2d at 1082-83.
As a result of its errant conclusion that BASR is the real party in interest, the Court of Federal Claims limited its consideration of net worth under § 7430(c)(4)(A)(ii) and § 2412(d)(2)(B) to BASR, rather than the Pettinatis. See BASR P'ship , 130 Fed.Cl. at 308 ("[T]he court need not consider the net worth of BASR's individual partners...."). If the Pettinatis each individually have a net worth exceeding $ 2 million, then they are not eligible for an award of litigation costs and attorney fees, see I.R.C. § 7430(c)(4)(A)(ii) ; 28 U.S.C. § 2412(d)(2)(B), and they may be improperly receiving free legal services courtesy of a statute intended to exclude them from its scope, see Nat'l Ass'n of Mfrs. , 159 F.3d at 603 ("[I]f an association were no more than a 'front' or a 'sham' through which ineligible entities pursued litigation and recovered fees, it would be appropriate to pierce the associational veil and look to the real parties in interest.").
The majority disregards this possibility and fails to correctly apply the real party in interest doctrine by stating that the Ninth Circuit, in Love , has "reasoned, without endorsing the application of the real-party-in-interest doctrine when performing a § 2412(d) analysis, that the doctrine does not bar recovery in a particular case." Maj. Op. 782. Love , however, is not only unsupportive of the majority's assessment, but expressly contradicts it. In Love , an association sought attorney fees against the Government and was eligible for such an award under § 2412. 924 F.2d at 1493. The Government there argued that the real parties in interest were the association's members since they would benefit from any award of fees, and sought to "requir[e] the association to prove that each of its members [was] individually eligible for fees." Id . at 1494. The Ninth Circuit disagreed and stated, in relevant part, that "[t]he members ... would be the real part[ies] in interest ... only if they were liable for the [association ]'s attorney [ ] fees ," and that "[n]othing in the record points to such an agreement ." Id . (emphases added); see Estate of Palumbo , 675 F.3d at 242 (determining that the presence of "a legal arrangement that ma[kes a party] responsible for ... fees" is key to an individual or entity being the real party in interest).[2] Here, the Pettinatis are liable for BASR's litigation costs and attorney fees due to their agreements to pay the *788 fees and costs of counsel for BASR and Mr. Pettinati, Sr. See J.A. 2067-72. Thus, based on its statements in Love , the Ninth Circuit would determine persons like the Pettinatis to be the real parties in interest who must satisfy the requirements of § 7430 and § 2412 to be eligible for the award of costs and fees.[3]
CONCLUSION
In failing to apply the real party in interest doctrine to this case, the majority relies on precedent that actually contradicts its conclusion that the doctrine "does not prevent BASR from obtaining an award under ... § 7430." Maj. Op. 783. Rather, the record and precedent make clear that the Pettinatis, not BASR, are the real parties in interest. Accordingly, the Court of Federal Claims' determination that BASR is the real party in interest should be vacated and the case remanded for findings with regard to the Pettinatis' fulfillment of the statutory requirements under § 7430 and § 2412 for the award of litigation costs and attorney fees. For these reasons, I respectfully dissent.

"The phrase, 'real party in interest,' is a term of art utilized in federal law to refer to an actor with a substantive right whose interests may be represented in litigation by another." United States ex rel. Eisenstein v. City of N.Y. , 556 U.S. 928, 934-35, 129 S.Ct. 2230, 173 L.Ed.2d 1255 (2009) ; see Unification Church v. Immigration & Naturalization Serv. , 762 F.2d 1077, 1081 (D.C. Cir. 1985) ("The [real party in interest] doctrine is often relevant to which entities may properly press a claim or an appeal.").

Although, the majority also cites Estate of Palumbo to support its proposition that our sibling circuits have not endorsed the real party in interest doctrine in holding "that the [real party in interest] doctrine does not bar recovery in a particular case," Maj. Op. 782, I disagree. In Estate of Palumbo , the Third Circuit comprehensively assessed whether the real party in interest doctrine obligated it to look to the qualifications of a non-party in determining whether, under § 2412, the award of attorney fees was proper, and determined that the doctrine did not by distinguishing cases in which the doctrine was interpreted to impose such an obligation. See 675 F.3d at 242 (concluding that "judicial interpretations of the real-party-in-interest doctrine pertaining to [§ 2412 ] do not militate in favor of" looking to a non-party's qualifications). Contrary to the majority's assertion, Estate of Palumbo is an example of one of our sibling circuits applying the real party in interest doctrine in the context of a § 2412 analysis, and determining that the doctrine did not require appraisal of the qualifications of a non-party for the award of attorney fees.

The majority also relies on "the fact that the plain language of ... § 7430 and ... § 2412 does not explicitly prohibit an insolvent party from obtaining an award" to reach its conclusion. Maj. Op. 783. This, however, is irrelevant to deciding the real party in interest issue, which solely involves discerning to whom any costs and fees award accrues, regardless of solvency. See, e.g. , Nat'l Ass'n of Mfrs. , 159 F.3d at 603 (providing that the real party in interest doctrine applies when ineligible parties or non-parties pay the fees for an eligible party, and "bar[s] fee awards from which only ineligible parties [and non-parties] would benefit").